### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

#### JULY TERM, 1871, AT JEFFERSON CITY.

———◆———

WILLIAM F. SWITZLER, Plaintiff in Error, *v.* FRANCIS RODMAN, Defendant in Error.

*Secretary of State — Action against, under statute — Plaintiff need not be legally qualified.*—The plaintiff in an action against the Secretary of State for failure or refusal to open returns and cast up votes, if the suit be brought on his general official bond, must first show himself entitled to the office But under the statute relating to that officer (Wagn. Stat. 1272, § 15), the plaintiff may properly sue, although not lawfully elected. Within the meaning of that section he may be "aggrieved" by such failure or refusal, whether elected or not. The object of that provision is not to compensate a sufferer for the loss of office; but the liability which it imposes is in the nature of a penalty for misfeasance, of which the officer may be guilty, by reason of failure to canvass votes, although the party aggrieved received a minority of votes.

### *Error to Cole Circuit Court.*

*Glover & Shepley*, for plaintiff in error.

I. The duty of the defendant was simply to cast up the votes after opening the returns, and certify the result. He had no power to look out of or beyond the returns. (Mayo v. Freeland, 10 Mo. 629; State v. Harrison, 38 Mo. 540.)

II. The house of representatives in Congress had power to say who should sit in the body, but no jurisdiction of this suit.

III. The defendant is charged with refusing to open, cast up and certify the returns. If he did so he violated the law, no matter who had the majority of the legal votes.

*E. L. Edwards & Sons,* for plaintiff in error.

This is not a suit on the official bond of the defendant to recover damages for the breach of the condition thereof, as in the case of Bradshaw v. Sherwood, 42 Mo. 179, but an action on the statutes regulating elections (Gen. Stat. 1865, ch. 2, p. 64, § 32), and section 15, chapter 17, p. 140, Gen. Stat. 1865, regulating the office of Secretary of State.

*H. B. Johnson* and *A. Budd,* for defendant in error.

I. Before a man can maintain an action for damages for being deprived of an office, he must establish in an appropriate proceeding his right to the office (Bradshaw v. Sherwood, 42 Mo. 179; Chandler v. Hunter, 45 Mo. 452); and this is so whether the action is founded on a statute or common-law principle (Bradshaw v. Sherwood, *supra*); and it makes no difference whether the breach of duty, by which it is alleged a party is injured by being deprived of an office, consists in a failure to count a return or issue a certificate, or both.

II. If actions of this character are dependent upon the question of right, and cannot be maintained until such question of right is settled, then an adjudication by the proper tribunal, adverse to such right, is a complete bar to such actions.

BLISS, Judge, delivered the opinion of the court.

At the general election in 1868, the plaintiff was candidate for Congress, from the Ninth Congressional district; the defendant was Secretary of State. In canvassing the votes the secretary refused to open the returns and count the votes for the county of Monroe, and for this refusal the plaintiff brings suit to recover the penalty provided by section 15, chapter 17, of the General Statutes (Wagn. Stat. 1272), for the refusal to perform the

duties enjoined on him by law in regard to canvassing the votes of said county of Monroe.

The defendant answered, that soon after said election the plaintiff instituted a contest in the house of representatives with Mr. Dyer, who had received the certificate of election, which contest was decided against said plaintiff; and therefore, it having been decided by the proper tribunal that he was not entitled to the seat, he was not aggrieved by the action of the defendant complained of. This answer was demurred to; the demurrer was overruled, and judgment was entered upon it.

The record shows no reason or excuse for the action of defendant, and the only question presented is whether the Secretary of State is liable under this statute to the person for whom votes have been returned, for refusing to open the returns and cast them up, when, by so doing, such person would be entitled to a certificate of election; or for refusing to grant the certificate if, upon a final contest for the office for which he had received the votes, it shall be decided that he has not been lawfully elected to such office.

The statute provides that "if the Secretary of State shall at any time neglect or refuse to perform any of the duties enjoined on him by law, * * * he shall pay to the person aggrieved a sum not less than one hundred dollars nor more than five hundred dollars, to be recovered by civil action." It is admitted by the pleadings that the secretary failed to perform a duty enjoined by law, but it is claimed, as we have seen, that the plaintiff was not "aggrieved," and for the reason named. To properly appreciate this defense, we must consider the object of the statute and the rights of those for whom votes have been returned.

This provision has nothing to do with the general personal liability of a public officer, a liability upon his bond to one who is injured by the non-performance of his duties, as by being thereby deprived of the emoluments of an office, or put to expense and trouble in vindicating his right to the same. In a case of that kind it has been held that he must first establish his right; (State, to use, etc., v. Sherwood, 42 Mo. 179; Hunter v. Chand-

ler, 45 Mo. 452), and if it appears that another person is rightfully in possession he can have no cause of action. This might well be, for the gist of the action is the wrongful deprivation, and the remedy is an action for the recovery of all he has lost by such deprivation. But the object of the statute under consideration is not to compensate the sufferer for a loss of office, but the liability it imposes is in the nature of a penalty for a misfeasance. It is true this penalty goes to the party injured, but not as compensation, for it may not be a tithe of what he has suffered, but rather as a restraint upon the officer and a satisfaction for a wrong, whether there has been an actual pecuniary loss or not.

It cannot be said that a person is not aggrieved by the refusal of the secretary to cast up the votes returned for him because he is not legally elected to the office in reference to which he has received the votes. He has a right to have all votes counted that have been cast for him, and it is a personal as well as a public wrong to refuse to count them. A denial of this right is an injury, a grievance, and the statute furnishes a redress. So far as this right is concerned it does not matter whether he is elected or not. If he is elected and has established his right to the office, he has a further remedy, as we have seen ; but if not elected, his right to have the votes he has received properly canvassed, is equally clear and unequivocal, and he is " aggrieved " if they are not so canvassed.

The third count charges the defendant with refusing to give the plaintiff his certificate of election. In order to sustain that count, it must of course appear from the returns that he was entitled to the certificate. But the first and second counts, which seem to embrace but one misfeasance, charge him with refusing to open and cast up the returns ; and to sustain this charge it cannot matter whether he was entitled to the certificate of election or not, although in this petition his right to the certificate is alleged.

It is not the intention of the statute to confine its benefits to those who succeed in political contests ; otherwise those in a minority could have no remedy, and the secretary might with impunity wholly disregard his duties so far as they were interested in their

performance.    Such is not the letter or spirit of the law.    Those not elected, and not entitled to a certificate of election, have rights, and though they may not sue for the emoluments of the office, they may insist that every vote cast for them be carefully canvassed; and their rights are infringed, or, in the language of the statute, they are " aggrieved," if the votes they have received are not so canvassed.

The demurrer, therefore, should have been sustained to the answer to the first three counts, as not setting forth facts that constitute a defense to the causes of action embraced in those counts.

But the petition contains a fourth count charging that the plaintiff demanded a copy of the said returns of Monroe county, offering to pay the fees therefor, and that defendant refused to furnish it.    The answer to this count denied the demand and alleged that the fees were not tendered.

As to the answer to this count, the demurrer was properly over-ruled, but for not sustaining it to the other counts the court committed error ; and the other judges concurring, the judgment will be reversed and the cause remanded.