G. Qualls v. C. W. Sayles et al.

Delivered March 24, 1898.

</div>

**1. Appeal—Supersedeas Bond.**

A supersedeas bond on appeal from the County Court conditioned that the plaintiff in error shall perform the judgment of the Court of Civil Appeals, but which omits mention of the Supreme Court, and is for less than double the amount of the costs taxed in the cost bill brought up in the record, is not sufficient.

**2. Liquor Dealer's Bond—Selling to Minor.**

In a suit to recover upon the bond of a liquor dealer for selling beer to the plaintiff's minor son, an instruction that the plaintiff must prove that he was "aggrieved" thereby is erroneous, since the term "aggrieved" is used in the statute to designate the person to whom is given the right of action in such cases.

**3. Same—Liability—Minors.**

A liquor dealer is not liable upon his bond for the sale of soda water to a minor, but is liable for permitting the minor to enter upon the premises and remain long enough to drink a glass of soda water.

Error from Walker. Tried below before Hon. R. E. Hannay.

*W. J. Poole,* for plaintiff in error.

*Lipscomb & Styles,* for defendant in error.

GARRETT, Chief Justice.—This suit was brought by the plaintiff in error, G. Qualls, against the defendants in error to recover of them the damages given by statute for a breach of the bond of the defendant, C. W. Sayles, as a liquor dealer, in selling beer to plaintiff's minor son and permitting said minor to enter and remain in his place of business. The trial in the court below was by jury and resulted in a judgment for the defendants.

It was shown by the evidence that Jesse Qualls, the minor son of the plaintiff, about the 9th day of January, 1897, entered the saloon of the defendant Sayles, with some other persons, and one of them called for drinks. The bartender set out beer and soda water for the parties. There was some difference in the testimony about whether the minor drank beer or soda water. Jesse Qualls, the minor, testified that he drank beer, but the bartender said that he called for soda water and that he placed soda water in front of him, but he, the bartender, did not see whether Qualls drank beer or soda water. It was shown conclusively from the evidence that the minor entered the saloon and remained therein until after the parties had taken their drinks, when he left; that he entered and remained without objection on the part of the bartender. The defendant Sayles, the liquor dealer, was not shown to have been present.

The father of the minor testified in the case that his son was 18 years old, and that it was not his wish or desire for him to enter a saloon, and contrary to his instructions for him to do so. The court instructed the jury that unless the plaintiff proved that he was aggrieved by the selling of intoxicating liquors to his minor son, or in permitting him to enter and remain upon the premises of the defendant, the jury should return a verdict in favor of the defendant. There was no call under the evidence for any such instruction, even if it should be held that the consent and example of the father should prevent a recovery by him of the damages provided by the law, as seems to have been done in the case of Edgett v. Finn, 36 Southwestern Reporter, 830. The person aggrieved in the meaning of the law has been held to be the father or mother of the minor (Peevy v. Goss, 37 Southwestern Reporter, 317), and we doubt if the use of the word in the statute has any more than the legal significance of designating the person to whom the right of action is given, whatever may be the right of the father to recover when, by his consent and example, his son has entered and remained in a saloon or has drank intoxicating liquors therein. It would not be a violation of the conditions of the bond for the defendant to sell, or permit to be sold, soda water to the minor, but it was a violation thereof to permit the minor to enter the premises and remain, although only long enough to drink a glass of soda water which the bartender said was set before him. It appears from the undisputed evidence that the minor entered the saloon in company with others, and drank a glass of soda water or beer, without objection on the part of the barkeeper, and was permitted to remain until after he had done so, when he voluntarily left the place. Such being the fact there is no reason for remanding the case. The judgment of the court below will therefore be reversed, and judgment will be here rendered in favor of the plaintiff against the defendants in error for the sum of $500 and all costs.

*Reversed and rendered.*