## SUMMERS v. RAILROAD.

(Filed May 9, 1905.)

*Carriers—Delay in Transportation of Freight—Penalty—
Party Aggrieved—Chapter 590, Laws 1903, Construed—
Corporation Commission, Powers of.*

1. In an action to recover a penalty, under Chapter 590, Laws 1903, making it unlawful for any railroad to neglect to transport any goods for longer period than 4 days after receipt thereof, and providing a penalty for a violation thereof to be forfeited "to the party aggrieved," the penalty is enforcible, independent of pecuniary injury, by the one whose legal right is denied.

2. Where the plaintiff returned goods to W. under an agreement that no credit for the returned goods was to be given till they were received by W., *held*, that the plaintiff was entitled to sue for the penalty given by statute "to the party aggrieved" for a delay in shipment.

3. The clause in Chapter 590, Laws 1903, making it unlawful for a railroad to neglect to transport any goods received by it for a longer period than 4 days after receipt thereof, gives to the railroad 4 days free time at the point of shipment.

4. The clause in Chapter 590, Laws 1903, making it unlawful for any railroad to allow any goods to remain at any intermediate point for a longer period than 48 hours unless otherwise provided by the Corporation Commission, gives to the Commission the right to fix the time allowed as free time for intermediate points and to make reasonable regulations as to the time of transit.

5. The Corporation Commission has no power to change the time allowed as free time at the point of shipment, nor to alter the penalties fixed by Chapter 590, Laws 1903.

ACTION by J. W. Summers against Southern Railway Company heard on appeal by *Judge M. H. Justice*, and a jury at the March Term, 1905, of the Superior Court of MECKLENBURG County.

There was evidence tending to show that plaintiff, hav-

ing an account with W. W. Ward & Son, of Charlotte, N. C., ordered a package of window sash to be shipped to him at Cornelius, N. C., a railroad station within fifty miles of Charlotte, which package duly arrived. Some of the sash were too large for plaintiff's purposes and plaintiff requested Ward & Son that he be allowed to return those sash which plaintiff could not use and Ward & Son agreed to give plaintiff credit on his account for any sash returned whenever the same should be received by them. That on the fourth of March, 1904, plaintiff delivered a part of the sash to defendant company for shipment at Cornelius, N. C., properly addressed and plainly marked to Ward & Son, Charlotte, N. C. and took a bill of lading therefor. There was also evidence that plaintiff, at the time of shipment, prepaid the freight and asked the agent of defendant to hurry up the shipment, telling him that he was anxious to get them back so he could get credit on his account with Ward & Son and that several times thereafter and before the goods were shipped, plaintiff notified the agent that they had not been shipped and urged the agent to have them sent as he was anxious to get the package to Ward & Son, as he could not get credit from them until that firm received the sash.

Plaintiff further testified that he had a running account with Ward & Son and that he got credit for the sash returned and Ward & Son made no difference in the credit by reason of delay. There was a delay of nearly 30 days in the shipment and demand was properly made pursuant to the statute before bringing suit. Under the charge of the court there was judgment for the plaintiff for $1.50 and plaintiff excepted and appealed, claiming that according to the statute he was entitled to something like $80.

*Clarkson & Duls* for the plaintiff.
*W. B. Rodman* for the defendant.

HOKE, J., after stating the facts:    Chapter 590, Section 3 of the Laws of 1903, provides as follows: "That it shall be unlawful for any railroad company etc, ·to omit or neglect to transport any goods or merchandise received by it, and billed to or from any place in this State for shipment, for a longer period that four days after receipt of same, unless otherwise agreed upon between the company and shipper; or unless the same be burned or otherwise destroyed; or to allow any such goods or merchandise to remain at any intermediate point more than 48 hours, unless otherwise provided for by the Corporation Commission."

The section further provides "that each and every company violating the provisions of this section shall forfeit to the party aggrieved the sum of $25 for the first day and $5 for each and every day of such unlawful detention, in case the shipment is made in car load lots, but in less quantities the forfeiture shall be $12.50 for the first day and $2.50 for each succeeding day."

Acting under the power conferred by section 3 of this act the Corporation Commission made a regulation concerning these shipments which in effect, reduced the time for delay allowed to the company, and fixed a lower penalty than that provided by the statute.   According to the testimony there was a delay in the shipment of something like 30 days and the plaintiff sued for the penalty allowed by the statute. The defendant resists any recovery, claiming that the plaintiff is not the party aggrieved in that no pecuniary injury is shown, and, second that the only person having the right to sue is Ward & Son to whom the package is addressed.

The defendant contends further, that in any event the penalty received must be confined to that provided by the rule of the Corporation Commission, as the statute gave them power to change the penalty therein provided.

As to the position that no recovery at all can be had, the court is of opinion that on the facts of this case the plain-

tiff is the party aggrieved, and the only person who had the right to enforce the penalty for delay. These penalties are not given solely on the idea of making a pecuniary compensation to the person injured but usually for the more important purpose of enforcing the performance of a duty required by public policy or positive statutory enactment. As said in *Grocery Co. v. Railway,* 136 N. C., at p. 404: "The object in providing a penalty is clearly to compel the common carrier to perform its duty to the public."

They are sometimes enforcible only by the State; sometimes they are given to any one who shall sue for them; and again the recovery is confined as in this instance, to the party aggrieved, the person having a peculiar and special interest in enforcing the performance of the duty. In giving the penalty to the party aggrieved the statute simply designates the person who shall have a right to sue, and restricts it to him who, by contract, has acquired the right to demand that the service be rendered.

The party aggrieved, in statutes of this character, is the one whose legal right is denied, and the penalty is enforcible independent of pecuniary injury. *Switzer v. Rodman,* 48 Mo., 197 *Qualls v. Sayles,* 18 Tex. Civ. App. 400; *Grocery Co. v. Railway, supra.* Ordinarily, in case of a shipment of goods by a railway to a person who has ordered them, on delivery to the railway, the company receives them as the agent of the vendee or consignee, and such person, would be the aggrieved party by delay in forwarding. But in this case, by the terms of the agreement between the plaintiff and Ward & Son, the plaintiff was not to get credit for the returned goods till they were received by Ward & Son. It made no difference to this firm whether the goods were returned or not; they had their account against the plaintiff, and a fair interpretation of the agreement between the parties is that no credit was to be given till the goods came to hand. Until this occurred, the loss of the goods would have been the

loss of the plaintiff, and he alone was interested in urging the shipment.

This case is not dissimilar to those where the penalty is imposed on a telegraph company for not forwarding a message, and the party aggrieved is held to be the sender. *Hadleigh v. Telegraph Co.,* 115 Ind., 191.

In reference to the regulation by the Corporation Commission, the statute provides that it shall be unlawful for a railroad company  *  *  *  doing business in this State to neglect or omit to transport any goods or merchandise received by it and billed to or from any place in this State, for a longer period than four days, unless otherwise agreed upon between the parties. This is a separate, distinct clause, and in *Walker v. Railroad,* 137 N. C., 163, this court has held that in the absence of any express contract concerning it, such clause gives to the railroad four days, free time, at the initial point.

Then follows another clause: Or to allow any goods or merchandise to remain at any intermediate point for a longer period than forty-eight hours unless otherwise provided by the Corporation Commission. We think this clause gives to the Corporation Commission the right to fix the time allowed as free time for intermediate points, and by fair interpretation confers on the Commission the power to make reasonable regulations as to the time of transit. Such a rule has been made and was introduced in evidence, and we hold the correct construction of the statute as modified by the rule to be, that, in the absence of any express contract, the railroad company is allowed four days delay at the initial point and three additional days of free time for the first 50 miles of transit and one day for each additional 25 miles, or fraction thereof, to the point of destination. The Commission is given no power to change the time allowed as free time at the point of shipment, nor to lessen, nor otherwise alter the penalties. These are fixed by the statute, and

can only be changed by the legislature.  *Everett v. Railroad* at this term.

The court is of opinion that on the facts of this case the plaintiff is the party aggrieved and the action is well brought in his name; that the time allowed as free time is four days at the point of shipment and three additional days in transit and the penalty is that provided by the statute.  There will be a new trial and the cause proceeded with in accordance with this opinion.

New Trial.