HAMRICK BROS. & CO. v. SOUTHERN RAILWAY COMPANY.

(Filed 27 November, 1907).

The opinion in *Jenkins v. Railway*, next above, is decisive of, and the digest thereto is alike applicable to, this case.

ACTION for penalty imposed by section 2632, Revisal, for failure to transport freight within reasonable time, tried before *Ferguson, J.,* and a jury, at the August Term, 1907, of the Superior Court of CLEVELAND County.

At the conclusion of the entire evidence defendant requested the Court to instruct the jury that plaintiffs were not entitled to recover, and to the refusal to do so excepted. Defendant noted exceptions to instructions given the jury. Judgment for plaintiffs. Defendant appealed.

*W. B. Rodman* and *O. F. Mason* for defendant.
No counsel *contra.*

CONNOR, J. The record shows that the freight was delivered to defendant company at Winston-Salem on 25 Janu-

ary, 1907, to be transported and delivered to plaintiffs at Lattimore, N. C. There was evidence tending to show that the freight was delivered to plaintiffs at Lattimore on 25 February, 1907. The distance between Winston-Salem and Lattimore is 154 miles. There was evidence on the part of defendant showing the ordinary time required to transport ·freight between the two points. There was evidence on the part of defendant tending to show reasons for and causes of delay. In the view which we take of the appeal it is not necessary to set out this testimony. For the reasons set forth in *Jenkins v. Railroad,* at this term, his Honor properly declined to enter judgment of nonsuit or to direct a verdict for defendant. His Honor instructed the jury "That a man who has goods consigned to him, after being received by defendant railroad company, may expect the goods within two days from the time they were delivered. Then add two more days for one hundred miles and two more days for the next hundred miles or fraction thereof; that at that time he may expect his goods to be delivered at the station to which they were consigned. The Legislature says that being within a reasonable time, nothing else appearing, the jury will not count that time," etc. The instruction is based upon the same construction of the statute as in *Jenkins' case, supra.* We endeavored to so construe the statute in that case as to give to every part of it force and effect. The instruction given by his Honor in this case is open to the same objection as in that, and for the reasons set out in the opinion there we must grant a new trial. We would suggest that in the·trial of cases prosecuted under this statute two issues be submitted: 1st. Was the freight transported and delivered within a reasonable time? 2d. In what sum is the defendant indebted to the plaintiff? In this way the attention of the parties and the jury is drawn to the real questions in issue.

There must be a

New Trial.