N. S. CARDWELL v. THE SOUTHERN RAILWAY COMPANY.

(Filed 27 November, 1907).

1. **Railroads—Penalty Statutes—"Party Aggrieved"—Real Party in Interest.**

   The plaintiff is entitled to recover the penalty as the "party aggrieved," under Revisal, sec. 2632, for the defendant's wrongfully failing to transport freight within a reasonable time, where the facts show that, from the attendant circumstances or terms of the agreement, he is the one whose legal right is denied and who is alone interested in having the transportation properly made.

2. **Same—Knowledge or Notice.**

   The real "party aggrieved" is entitled to recover the penalty, under Revisal, sec. 2632, irrespective of the question of knowledge of or notice to the defendant.

CIVIL ACTION, tried on appeal from the court of a justice of the peace before *Allen, J.,* and a jury, at July, 1907, Special Term of the Superior Court of ALAMANCE County.

There was evidence tending to show that plaintiff had sold to one M. J. Blue a package of harness worth $24.50, to be delivered at Efland, N. C., the stipulation as to delivery at Efland being a part of the contract of sale. The plaintiff had same shipped by defendant company from Burlington, N. C., to Efland, N. C., prepaying the freight charges and taking a bill of lading therefor as shipped to M. J. Blue. That defendant failed to transport and deliver said harness within ordinary time, in accordance with the contract, and plaintiff, having made good the loss to the purchaser, M. J. Blue, by supplying him with other harness, filed his claim as required by the statute, and instituted this action to recover for the loss of the harness and for the penalty for wrongfully failing to transport freight, allowed by section 2632, Revisal of 1905.

Under the charge of the Court there was a verdict for plaintiff for the value of the goods and the penalty. Judgment on the verdict, and defendant excepted and appealed.

*Brooks & Thompson* and *W. H. Carroll* for plaintiff.
*King & Kimball* and *Parker & Parker* for defendant.

HOKE, J., after stating the case: The statute has been upheld as a constitutional enactment in *Walker's case,* 137 N. C., 163; *Stone's case,* 144 N. C., 220, and other decisions of like import, and the principle upon which it rests has been affirmed in *Efland's case* (defendant's appeal), at the present term. It is chiefly urged for error by appellant that plaintiff is not the "party aggrieved," under the principle announced in *Stone's case, supra,* in that it was held: "When goods are delivered to a common carrier for transportation, and bill of lading issued, the title, in the absence of any direction or agreement to the contrary, vests in the consignee, who is alone entitled to sue, as the 'party aggrieved,' for the penalty given by section 1467, Revisal." This is undoubtedly a correct decision, applying, as stated, where it appears that goods are

shipped and bill of lading taken to a consignee, without more. As indicated in the opinion, however, where the facts show, as in this case, that from the attendant circumstances or the terms of the agreement some person other than the consignee is the one whose legal right is denied and who is alone interested in having the transportation properly made, a different rule obtains and the case comes within the principle of *Summer's case,* 138 N. C., 295. In that opinion it was said: "In giving the penalty to the party aggrieved, the statute simply designates the person who shall have the right to sue, and restricts it to him who, by contract, has acquired the right to demand that the service be rendered. 'The party aggrieved is the one whose legal right is denied.'" Nor is it a valid objection to this recovery that defendant may not have been made aware of the facts which gave to plaintiff the right to sue, as the "party aggrieved," under the statute. As shown in the case of *Rollins v. Railroad,* at the present term, neither the issue as to defendant's actual knowledge nor the evidence tending to support it are, as a general rule, relevant to the inquiry. In the absence of any counterclaim or offset in favor of defendant against the person who, as consignee, appears to be the "party aggrieved," under the contract, if the case is tried and determined in accordance with law and in a way to protect defendant from a second recovery, it is not material whether the real party in interest was known to defendant or not.

We are of opinion that the authorities referred to are decisive against the defendant's position, and we find no error in the proceedings below that gives appellant any just ground of complaint.

No Error.