## T. G. ROLLINS v. SEABOARD AIR LINE RAILWAY.

(Filed 27 November, 1907).

1. Railroads—Penalty Statutes—Consignor and Consignee—Party Aggrieved.

The plaintiff may maintain his action against the defendant railroad company, under Revisal, sec. 2632, for wrongful failure to transport certain goods received by the latter, and bill of lading issued by it to plaintiff, when it appears that plaintiff shipped the goods to be for his benefit sold by the consignee, and that he (the plaintiff) was the one who alone acquired the right to demand the service to be rendered by the defendant, and was the party aggrieved.

2. Same — Penalty Statutes — Transport — Reasonable Time — Evidence.

When there is evidence that the time in transporting a certain shipment from one station to another on the same railroad, leading directly to the point of destination, and only twenty-five miles apart, was twelve days, the jury will be permitted, from their common observation and experience, to consider and determine the question of ordinary time between the two points, and, in the absence of explanation by defendant, fix the amount of wrongful delay. Revisal, sec. 2632.

3. Same—Initial Point.

When, in an action for a penalty, under Revisal, sec. 2632, all the testimony was to the effect that the delay of twelve days complained of arose and existed altogether at the point of shipment, it is evidence sufficient for the jury to find such delay was unreasonable.

4. Same—Penalty Statutes—Party Aggrieved—Knowledge or Notice of Carrier.

When it is shown that the plaintiff is the "party aggrieved," under Revisal, sec. 2632, on account of the wrongful failure of defendant to transport certain goods within a reasonable time, it is of no importance and bears in no way on the justice of plaintiff's demand or of defendant's obligation, whether defendant knew who was the party aggrieved, either at the inception of the matter or at any other time.

5. Same—Issues.

Issues submitted to the jury upon the question of notice to or knowledge of the defendant that plaintiff was the party aggrieved is immaterial.

6. Same—Penalty Statutes—Revisal, sec. 2632—Constitutional Law.
    Revisal, sec. 2632, is constitutional and does not deny to the
    carrier the equal protection of the laws.

( *Walker v. Railway*, 137 N. C., 163 ; *Stone v. Railroad*, 144 N. C.,
220, cited and approved).

CIVIL ACTION, tried on appeal from a court of a justice of
the peace before *Webb, J.,* and a jury, at August Term, 1907,
of the Superior Court of CHATHAM County.

This action was to recover a penalty for unreasonable delay
in shipment of a carload of wood from Merry Oaks, N. C., to
Raleigh, contrary to provisions of section 2632, Revisal 1905.

There was evidence on the part of plaintiff tending to show
that Merry Oaks was a regular station on the main line of the
Seaboard Air Line Railway, about twenty-five miles distant
from Raleigh, N. C., and that there had been a wrongful
delay of twelve days in the shipment of the wood after the
defendant company had received the wood and given bill of
lading for same; that the delay occurred at the initial point,
the car on which it was loaded having remained on the de-
fendant's side track at Merry Oaks from the 6th of February,
1906, to 20 February, 1906, and the wood was shipped on
consignment, to be sold for the benefit of plaintiff and as
plaintiff's wood. The testimony of plaintiff on that question
was as follows: "I got Mimms to load car and get bill of
lading for it. It was my load of wood. (Bill of lading in-
troduced in evidence, dated 6 February, 1906). Mr. Marks
was agent of defendant company at that time. I told agent
of defendant, the first or second day after the bill of lading
was issued, that I insisted on the shipping of the wood; that
I could not get my money for the wood until it was sold. I
told him that I was shipping the wood to Mr. J. O. Morgan
for him to sell for me, and that I could get no money for the
wood until it was shipped. I had not sold or agreed to sell
the wood at that time. I shipped it to be sold for me."

There was evidence on the part of defendant in explanation
of the delay, as follows:

"1st. That the side track on which the car was placed was torn up and had to be repaired, which prevented the car from being taken out on time.

"2d. That all northbound local freights had their tonnage and were unable to take the wood before it was done."

Issues were submitted, and responded to by the jury, as follows:

"1. Did the plaintiff deliver to the defendant a car of wood on the 6th day of February, 1906, and did the defendant deliver a bill of lading therefor, as alleged?"   Answer: "Yes."

"2. Did defendant take an unreasonable time in transporting said car of wood from Merry Oaks to Raleigh, under the circumstances in this case?"   Answer: "Yes."

"3. Did the defendant have notice, at the time the contract of carriage was made, that the plaintiff was the owner of the wood and that he retained title to the same?"   Answer: "No."

"4. Did the defendant, at any time before the said car was shipped, have notice that the plaintiff had retained title to the same?"   Answer: "Yes."

"5. What amount, if any, is the plaintiff entitled to recover?"   Answer: "Eighty dollars."

There was judgment on the verdict for plaintiff, and defendant excepted and appealed.

*H. A. London & Son* for plaintiff.
*Day, Bell & Allen* and *Womack, Hayes & Bynum* for defendant.

HOKE, J., after stating the case: We find nothing in the record or case on appeal which gives the defendant just ground for complaint. It was chiefly urged for reversible error that the Judge below should have instructed the jury that, if they believed the testimony, the plaintiff was not the "party aggrieved," under the principle established in the case of *Stone v. Railroad,* 144 N. C., 220. But the facts do not bring the

present case within the principle of that decision.  In that case the Court properly held that, "when goods are delivered to a common carrier for transportation, and bill of lading issued, the title, in the absence of any direction or agreement to the contrary, rests in the consignee, who is alone entitled to sue as the party aggrieved, under the statute."  And, applying the principle, the Court was of opinion that there was no testimony which tended to withdraw the case from the general principle.  In our case, however, the undisputed testimony was to the effect that, at the time of the shipment, plaintiff had made no sale of the wood, but the same was shipped to be sold for the benefit of the plaintiff, the consignor, and that he alone had the legal right to demand that the transportation be promptly made, as required by law and the terms of the contract.  This brings the present case clearly within the principle declared in the opinion of *Summers v. Railroad,* 138 N. C., 295.  In that decision the Court said: "In giving the penalty to the party aggrieved, the statute simply designates the person who shall have a right to sue, and restricts it to him who, by contract, has acquired the right to demand that the service be rendered.  The party aggrieved, in statutes of this character, is the one whose legal right is denied, and the penalty is enforcible independent of pecuniary injury.  *Switzer v. Rodman,* 48 Mo., 197; *Qualls v. Sayles,* 18 Tex. Civ. App., 400; *Grocery Co. v. Railway, supra.*  Ordinarily, in case of a shipment of goods by a railway to a person who has ordered them, on delivery to the railroad the company receives them as the agent of the vendee or consignee, and such person would be the aggrieved party by delay in forwarding.  But in this case, by the terms of the agreement between the plaintiff and Ward & Son, the plaintiff was not to get credit for the returned goods till they were received by Ward & Son.  It made no difference to this firm whether the goods were returned or not; they had their account against the plaintiff, and a fair interpretation of the agreement between the parties

is that no credit was to be given till the goods came to hand. Until this occurred, the loss of the goods would have been the loss of the plaintiff, and he alone was interested in urging the shipment." This authority is controlling and decides the point against defendant's position.

It was objected, further, that the Court should have held that there was no testimony to be considered by the jury that there had been unreasonable delay in the shipment, and this for the reason that no witness had stated in express terms what was the ordinary time required for a freight train between Merry Oaks and Raleigh. The objection is hardly open to defendant on this record, for all the testimony was to the effect that the delay complained of arose and existed all at the point of shipment—Merry Oaks; but, considering that the exception was properly presented, we think that there was testimony sufficient to carry the case to the jury. The time of delay was shown, and it was also found that Merry Oaks, the point of shipment, was a regular station on the main line of the Seaboard Air Line Railway, leading directly to Raleigh, the point of destination, and only twenty-five miles distant; and, with facts and conditions so simple and circumscribed, the jury might well be permitted, from their common observation and experience, to consider and determine the question of ordinary time between the two points, and, in the absence of explanation, fix the amount of wrongful delay on the principle established in *Wright v. Railway,* 127 N. C., 225, and *Deans v. Railway,* 107 N. C., 693.

Exception was also made that the Court permitted the plaintiff to testify that he told defendant's agent, a few days after the bill of lading was given, that he was shipping the wood to be sold on account, and that plaintiff could get no money till the wood was sold. The evidence was introduced on the third and fourth issues, as to whether the defendant was notified that plaintiff was the "party aggrieved"; but we do not think that the issues themselves were material to the

controversy, or that the testimony was in any way relevant to the inquiry. It should always be required, for a lawful recovery, on a statute having this wording, that plaintiff should establish that he is the party aggrieved, for, as said by *Mr. Justice Connor,* in *Stone's case, supra,* "It is manifest that the statute does not contemplate that two recoveries should be recovered for the same breach of duty." But when this is done, and defendant is thereby protected from responsibility, except to the rightful claimant, it is of no importance and bears in no way on the justice of plaintiff's demand or of defendant's obligation, whether defendant knew who was the party aggrieved, either at the inception of the matter or at any other time.

The exception noted on the trial, that the statute was unconstitutional in denying to defendant the equal protection of the law, was not insisted upon here. The Court, in several decisions, has held that the statute is valid, and the objection cannot be sustained. *Walker v. Railway,* 137 N. C., 163; *Stone's case, supra.*

There is no error, and the judgment below is affirmed.

No Error.