A. H. DAVIS v. SOUTHERN RAILWAY COMPANY.

(Filed 11 March, 1908).

1. **Railroads—Penalty Statutes—Transportation—Consignor—Party Aggrieved.**

When the consignor had agreed with the consignee that the latter was only required to pay for the intrastate shipment when it reached its destination, the consignor may maintain his action for delay *in transitu* (Revisal, sec. 2632), as the party aggrieved.

2. **Railroads—Penalty Statutes—Transportation—Constitutional Law.**

The provision of Revisal, sec. 2632, imposing a penalty upon railroad companies for failure in their duty to transport goods, is constitutional and valid.

3. **Railroads—Penalty Statutes—Transportation—Issues.**

In an action against a railroad company under Revisal, 2632, for a penalty for failure in its duty to transport freight, an issue

is objectionable when it is the only one and in the following language: "What amount, if any, is the plaintiff entitled to recover of the defendant, on account of the failure to promptly ship the carload of lumber?"

4. Same.

An issue which presupposes a failure on defendant's part in its duty to transport freight, in an action for penalty, Revisal, 2632, is objectionable. (Attention is called to the proper issues as suggested in *Hamrick v. Railroad*, at this term).

5. Railroads—Penalty Statutes—Transportation—Ordinary Time—Verdict Directing—Instructions—Evidence—Questions for Jury.

In an action for the recovery of a penalty under Revisal, 2632, it was for the jury to find what was "ordinary" time, under the surrounding circumstances, and whether the defendant transported freight within such time; also, the amount of recovery after allowing for the "lay days," etc., provided by the statute. Hence, it was error for the court below to instruct the jury, if they believed the evidence, to answer the issue in a certain way or in a sum certain.

CIVIL ACTION, tried before *Ward, J.,* and a jury, at Spring Term, 1907, of the Superior Court of CLEVELAND County.

The facts sufficiently appear in the opinion of the Court.

*Quinn & Hamrick* for plaintiff.
*W. B. Rodman* and *O. F. Mason* for defendant.

WALKER, J. This is an action to recover the penalty given by section 2632 of the Revisal for delay in shipping lumber. The case is not governed by the principle of *Marble Co. v. Railway,* decided at this term, as argued by the defendant's counsel, for it does not appear that any part of the transportation was beyond the limits of the State. The lumber was shipped from Lattimore, or Washburn's Siding, to Gastonia, all being in this State. The agreement between the plaintiff, as consignor, and Henry & Bradley, the consignees at Gastonia, was that the latter should not be required to pay for the lumber until it arrived at Gastonia. The plaintiff was, therefore, the party aggrieved, within the meaning of section 2632, and can maintain this action for the penalty. *Summers v.*

*Railroad,* 138 N. C., 295. The very question is considered and decided in *Cardwell v. Railroad,* at this term.

The constitutionality of section 2632, and similar provisions of law imposing penalties for a breach of duty in transporting goods by common carriers, is too firmly established to be now questioned. *Branch v. Railroad,* 77 N. C., 348; *Walker v. Railway,* 137 N. C., 163; *Stone v. Railway,* 144 N. C., 220; *Morris v. Express Co.,* at this term; *Cardwell v. Railway, supra.* So that the plaintiff might have a good cause of action for the penalty, nothing else appearing, if there was a failure in this case to transport the lumber within a reasonable time, and we would affirm the judgment but for the fact of error in the charge of the court. The issue submitted and the answer thereto were as follows: "What amount, if any, is the plaintiff entitled to recover of the defendant on account of the failure to promptly ship the carload of lumber?" Answer: "Seventy dollars." The form of that issue is objectionable, as it presupposes that there had been a failure to perform its duty by the defendant as carrier, and merely required the jury to ascertain the amount of the penalty incurred for the default. *Denmark v. Railroad,* 107 N. C., 185. We suggested in *Hamrick v. Railway,* at this term, that two issues be submitted in cases of this kind: "1. Was the freight transported and delivered within a reasonable time? 2. In what sum is the defendant indebted to the plaintiff?" "In this way," said *Justice Connor,* for the Court, "the attention of the parties and the jury is drawn to the real questions in issue." But, waiving the defect in the issue, we think the charge of the court was erroneous. The jury were instructed that, if they believed the evidence, they should answer the issue "Yes," as a matter of law. This was all of the charge, and it was duly excepted to by the defendant. The charge and the issue do not correspond, and the response directed to be made would not be an appropriate one, in any view, to the issue as now framed. It only called for an assessment of the

amount, and not for a simple affirmative or negative answer.
But it was error to direct a finding for the plaintiff "if the
jury believed the evidence." It was for the jury to ascertain,
first, if there had been an unreasonable delay, measured by
the ordinary time required to make the transportation; and,
second, how much delay there had been, after making due
allowance to the defendant, as provided by the statute, and in
this way the amount due the plaintiff would be determined.
The Judge cannot decide, as matter of law, what amount is
due, even if the jury should believe the evidence, for the latter
must go further and decide the time of the delay before the
amount of the penalty imposed can be ascertained. *Hamrick
v. Railway, supra.* In *Jenkins v. Railway,* at this term, this
Court, discussing the question involved in this case, said, by
*Justice Connor,* that reasonable time for the transportation in
any given case is to be determined by the ordinary time con-
sumed as the standard, after making the proper deduction for
"lay days," or those which the statute provides shall be omit-
ted from the count. The Court further said that, under the
statute, as interpreted in *Stone v. Railway Co.,* 144 N. C.,
220, "A failure to transport within the ordinary time is *prima
facie* unreasonable. Thus construed, the jury find, first,
whether the transportation was within the 'ordinary time.'
This being found, the question arises, What time should be
allowed defendant as 'ordinary time' for transporting? For
all in excess of this time it is liable for the statutory penalty,
less two days at the 'initial point' and forty-eight hours at one
intermediate point for each one hundred miles of distance,
etc., which shall not be charged against the carrier as unrea-
sonable. The two days at the initial point and forty-eight
hours at each intermediate point are not the standard by
which 'reasonable time' is measured, but are not to be charged
'as unreasonable,' or, as we said in *Stone's case,* to this extent
the standard of the common-law duty is lowered." The court

DAVIS *v.* RAILROAD.

erred in not allowing the jury to decide whether there had been any delay, and, if any, how much, under the rule we have stated, the plaintiff is entitled to receive for it.

If it appears at the next trial that any part of the transportation was outside the borders of the State, although the initial and terminal points of shipment may be in this State, the case will be controlled by our decisions at this term, in *Marble Co. v. Railway* and *Ice Co. v. Railway,* as such a transportation, under the rule laid down in the latter case, which follows *Hanley v. Railway,* 187 U. S., 617, is interstate traffic, and will not, therefore, be within the provision of section 2632 of the Revisal, as construed by us in *Marble Co. v. Railway.*

We again call attention to the form of the charge, as given in this case, in connection with the recent decision of this Court in *State v. Railway,* at this term. For the error in the charge of the court a new trial is awarded.

New Trial.

CLARK, C. J., concurring in result: The form of the issue, "What damage (or what amount), if any, is the plaintiff entitled to recover?" has been so long used and in so many different kinds of actions, and its meaning is so well understood, that the advisability of now calling it in question is doubtful. It could only add to the number of issues, without any corresponding benefit.

When, as in this case, more than one inference can be drawn from the evidence, a charge to the jury, "If you believe the evidence, answer the issue 'Yes' (or 'No,' as the case may be)," is erroneous. But when only one inference can be drawn such charge would be correct. The long-settled practice is thus summed up by *Brown, J.,* in a recent case (*Clark v. Traction Co.,* 138 N. C., 80), where, speaking for a unanimous Court, he says: "His Honor instructed the jury, 'if

they believed the evidence, to answer that issue "Yes." ' *In this instruction we are unable to discover any error.* The evidence in the case was practically undisputed, and we do not see how any reasonable mind can draw more than one inference from it."