ACME PAPER BOX FACTORY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 14 October, 1908.)

1. Carriers of Goods—Consignor and Consignee—Contract to Deliver—Suit by Consignor.

A vendor who is under contract to deliver goods to a vendee is entitled to recover the identical goods or, if they are lost, their value and interest from a common carrier in default, to whom they had been delivered for shipment.

2. Same—Evidence—Nonsuit.

It is error in the trial Judge to render a judgment of nonsuit upon the evidence in an action brought by a consignor against a common carrier to recover the value of a lost shipment, when there is evidence that he was under contract to deliver it to the consignor at destination. In such instances the title and possession of the shipment do not, as a matter of law, pass to the consignee by delivery to the common carrier.

ACTION tried before *Neal, J.,* and a jury, at May Term, 1908, of LENOIR.

This action was to recover the value of a shipment of boxes, made by plaintiff to the Hamlin Tobacco Company, the consignee. At the close of the evidence the defendant moved to nonsuit; motion allowed. Plaintiff excepted. From the judgment rendered the plaintiff appealed.

*Wooten & Wooten* for plaintiff.
*Rouse & Land* for defendant.

Brown, J. The ruling of the court below was evidently based upon the general doctrine that when the vendor delivers the goods to the carrier, consigned to the vendee, both title and possession pass from the vendor and vest in the vendee, the common carrier becoming the agent of the vendee, and the vendor has no further *interest in or control over* the goods thus shipped, in the absence of an agreement of the parties varying this rule or in case of stoppage *in transitu,* where its principles apply. In this case there is some evidence which takes it out of that general rule and which tends to prove that the plaintiff contracted to deliver the goods to the consignee, the Hamlin company. If that be true, the title remained in the plaintiff until actual delivery to consignee, and plaintiff could not only stop the goods, but could recover their value from any person who converted them while in transit. There is some evidence tending to prove that the goods were received by defendant and retained in its warehouse without notice to consignee. The plaintiff Lindsey testifies that the goods were to be delivered by the plaintiff, and that he was the owner of the goods.

If these facts be true, the plaintiff would be entitled to recover the identical goods from defendant and, if it has converted them or they are lost, their value, and interest. *Davis v. Railroad,* 60 S. E. Rep., 722; *Summers v. Railroad,* 138 N. C., 295; *Cardwell v. Railroad,* 146 N. C., 219.

If the transaction was an ordinary sale on sixty days' credit, and the contract of the plaintiff was to deliver them "free on

board"—that is, to the carrier at the initial point of ship-ment—then plaintiff could not recover.

We think his Honor should have submitted the issue to the jury, with appropriate instructions.

New Trial.