DONALD McRACKAN v. ATLANTIC COAST LINE RAIL-
ROAD COMPANY.

(Filed 24 March, 1909.)

**Penalty Statutes—"Party Aggrieved"—Interest in Goods—Agent or Attorney.**

The penalty prescribed by Revisal, sec. 2631, is for the person who is interested in having the goods shipped, and whose legal right in respect thereto is denied; and a person may not maintain an action for the penalty, as the party aggrieved, who has no right or interest in the goods tendered by him for shipment, except as agent or attorney for an attaching creditor and surety on his attachment bond, after the debt has been paid and the goods released.

ACTION tried before *Lyon, J.,* and a jury, at July Term, 1908, of COLUMBUS.

Plaintiff appealed.

*Lyon & Greer* and *Douglas & Lyon* for plaintiff.
*Davis & Davis* for defendant.

WALKER, J. This action was brought, under Revisal, sec. 2631, to recover the penalty for refusing to receive a box of goods tendered by the plaintiff in person to the defendant, at Clarendon, N. C., for shipment to Whiteville, N. C. The box of goods belonged to Samuel I. Epstein, who had delivered them to the defendant, at Clarendon, for shipment to Clio, S. C., and received a bill of lading therefor. While the box was in the defendant's possession, at Clarendon, it was attached in an action brought by Broom & Mayer against Samuel I. Epstein. The plaintiff testified: "I had no interest in these goods, except as surety on the attachment bond and as attorney for Broom & Mayer, at whose instance the goods had been attached." The claim of Broom & Mayer was paid the day after the plaintiff tendered the box of goods to the defendant for shipment to Whiteville. The court, at the close of the evidence, and on motion of the defendant, entered judgment of nonsuit, under the statute, and plaintiff appealed.

The question presented is whether the plaintiff is the "party aggrieved," within the meaning of those words, as used in the statute. He was not acting in his own behalf, but as agent or attorney for his clients, Broom & Mayer, in the suit against the real owner of the goods, when he made the tender of the box to the defendant at Clarendon. It appears that he had no interest in the goods. He was therefore not in any sense the party aggrieved. If he was acting for the deputy sheriff, who levied the warrant of attachment on the goods, the same result would follow. If there was any default committed by the defendant, it was liable either to the deputy sheriff or to Broom & Mayer, but certainly not to the plaintiff. He was not, in a legal sense, injured by the refusal of the defendant to receive the box of goods. The party aggrieved is one who is injured, in respect to some right, by the act alleged to be wrongful. *Cunningham v. Porchet,* 23 Tex. Civ. App., 82; Black's Law Dict., p. 53. The plaintiff was not acting for himself and had no right or interest in the goods, but he was merely representing his principal, and with the same effect as if the latter had been personally present and acting in his own behalf. If an agent can recover the penalty under such circumstances, the defendant might be subjected to a double liability, for the principal was surely aggrieved or injured, and he also could recover, unless we should allow the plaintiff to recover for the use of the principal; and this cannot be done, for we have held, at this term, in *Chapman v. McLawhorn,* that "every action must be prosecuted in the name of the real party in interest," and the agent of the "real party" cannot therefore maintain an action based upon a transaction conducted by him for his principal. We have said that the "party aggrieved" is the person who is interested in having the goods shipped, and whose legal right in respect thereto is denied. *Cardwell v. Railroad,* 146 N. C., 218. See, also, *Stone v. Railroad,* 144 N. C., 220; *Rollins v. Railroad,* 146 N. C., 153; *Davis v. Railroad,* 147 N. C., 68, where will be found a general discussion of the question as to who is the "party aggrieved," within the meaning of statutes of like import with the one now under consideration. As the plaintiff had no interest in the transaction in his own right, but solely as the representative of another, he was not, in contemplation of law,

aggrieved by the alleged wrongful act of the defendant, and is not therefore entitled to sue for the penalty. If he can recover, then every shipping clerk of a merchant who is employed to superintend the forwarding of goods to his customer is entitled to sue for the penalty in case of a refusal by the carrier to receive the goods. We do not think the statute will bear any such construction.

Affirmed.