J. LUTHER ELLIOTT *v.* SOUTHERN RAILWAY COMPANY.

(Filed 17 May, 1911.)

1. **Carriers of Goods—Penalty Statutes—Title—Subject to Inspection—Party Aggrieved.**

   When, by the contract or agreement between a vendor and vendee of goods, the goods are to be "received, inspected and weighed" by the vendee before any part of the purchase price is payable, the title does not vest in the vendee, and the vendor is the "party aggrieved" under the meaning of Revisal, sec. 2632, in an action against the railroad for delayed transportation.

2. **Same—Consignor and Consignee — Agreement — Public Policy— Notice to Carrier.**

   In an action brought by the consignor for the penalty for delayed transportation by a railroad company of a shipment of logs under Revisal, sec. 2632, it appeared that the consignee was to "receive, inspect and weigh" the logs under a contract between the consignor and consignee, of which the carrier had no notice, *Held,* (1) By the terms of the agreement between consignor and consignee, the legal title to the logs did not pass to consignee until they were inspected and measured, there being no evidence of the amount of the purchase price; (2) the statute being

passed in the interest of public policy for the prompt shipment of goods generally, it was not necessary to the recovery of the penalty that the carrier should have had notice of the agreement.

APPEAL by plaintiff from *Lane, J.,* at the January Term, 1911, of McDOWELL.

The facts are sufficiently stated in the opinion of *Mr. Justice Walker.*

*Pless & Winborne for plaintiff.*
*S. J. Ervin for defendant.*

WALKER, J. This action was brought to recover a penalty, under Revisal, sec. 2632, for delay by defendant in transporting a car load of chestnut wood from Glenwood, N. C., to the United States Leather Company at Old Fort, N. C. The shipment was made under an open bill of lading, but the contract between the plaintiff and the consignee, United States Leather Company, provided that the wood was not to be paid for until it had been "received, inspected and weighed" at Old Fort, and of this stipulation the defendant had no notice. By consent of the parties, the judge found the facts and held that plaintiff was not the "party aggrieved," within the meaning of the statute. Judgment was rendered dismissing the action, and plaintiff appealed.

If the stipulation as to "receiving, inspecting and weighing" entitled the plaintiff, as the "party aggrieved," to sue for the penalty, it can make no difference that the defendant had no notice of it. *Rollins v. R. R.,* 146 N. C., 153; *Cardwell v. R. R.,* 146 N. C., 218. We held in *Stone v. R. R.,* 144 N. C., 220, that, "When goods are deliveerd to a common carrier for transportation and the bill of lading issued, the title, in the absence of any direction or agreement to the contrary, vests in the consignee, who is alone entitled to sue as the 'party aggrieved' for the penalty." This decision was approved in *Cardwell's case, supra,* and followed in *Gaskins v. R. R.,* 151 N. C., 18, and *Buggy Corporation v. R. R.,* 152 N. C., 119. But in each of those cases the bill of lading was an open one, and there was nothing in the contract of sale, except in *Cardwell's case,* which prevented the title of the goods vesting in the consignee upon delivery by the

consignor to the carrier, and there was nothing to distinguish them from the case of an ordinary and unconditional sale and shipment under an open bill of lading. All of the title and interest of the consignor was divested, and there was no reason why he should be held to have been damaged or aggrieved by the delay in the carriage of the goods to their destination. But not so in this and other cases of a like kind. It is said in *Summers v. R. R.,* 138 N. C., 295: "As to the position that no recovery at all can be had, the Court is of opinion that on the facts of this case the plaintiff is the party aggrieved and the only person who had the right to enforce the penalty for delay. These penalties are not given solely on the idea of making a pecuniary compensation to the person injured, but usually for the more important purpose of enforcing the performance of a duty required by public policy or positive statutory enactment. As said in *Grocery Co. v. R. R.,* 136 N. C., at p. 404: 'The object in providing penalties is clearly to compel the common carrier to perform its duty to the public.' They are sometimes enforcible only by the State; sometimes they are given to any one who shall sue for them; and again the recovery is confined, as in this instance, to the party aggrieved, the person having a peculiar and special interest in enforcing the performance of the duty. In giving the penalty to the party aggrieved, the statute simply designates the person who shall have a right to sue, and restricts it to him who, by contract, has acquired the right to demand that the service be rendered. The party aggrieved, in statutes of this character, is the one whose legal right is denied, and the penalty is enforcible independent of pecuniary injury. Ordinarily in case of a shipment of goods by a railway to a person who has ordered them, on delivery to the railway the company receives them as the agent of the vendee or consignee, and such person would be the aggrieved party by delay in forwarding. But in this case, by the terms of the agreement between the plaintiff and Ward & Son, the plaintiff was not to get credit for the returned goods till they were received by Ward & Son," citing *Grocery Co. v. R. R.,* 136 N. C., 396; *Switzer v. Rodman,* 48 Mo., 197; *Qualls v. Sayles,* 18 Texas Civ. App., 400. In *Cardwell's case* a package of har-

ness had been shipped to be delivered at Efland. The delivery at the place designated being an essential part of the contract of sale, it was held that the consignor, as the party aggrieved, could recover the penalty for delay in the transportation, and also any damages he had sustained by reason of the wrongful act of the carrier. To the same effect, and alike in its facts, is *Davis v. R. R.,* 147 N. C., 68. In the *Cardwell case,* the delivery was to be made at Efland; in the *Davis case,* at Gastonia; the lumber not to be paid for until delivery at that place was made. In this case, the delivery of the chestnut wood was to be made at Old Fort and to be measured, weighed and inspected there before any part of the purchase price should be due and payable. We cannot distinguish the case from those we have cited. It is not stated in the findings of fact very clearly whether the provision for weighing, measuring and inspecting was inserted for the purpose, not only of ascertaining whether the lumber was as represented by the plaintiff, but of fixing the price for the same, but it is fairly to be inferred therefrom that it was intended for both purposes, as the price was agreed to be paid for the lumber is not stated. "As a general rule, where there is a contract for the sale of specific goods which are in a deliverable state, but it is necessary to weigh, measure, test, or do some other act with reference thereto, for the purpose of ascertaining the price to be paid, the property in the goods, unless a contrary intention appears, does not pass until such act is done, and this rule is particularly applicable where the goods are to be paid for when delivered." 35 Cyc. of Law and Procedure, p. 283; *Devane v. Fennel,* 24 N. C., 36; *Porter v. Bridgers,* 132 N. C., 92. If the facts are as we have indicated, the authorities cited will apply, and in that event, the plaintiff would certainly be the "aggrieved party."

We might pass upon the other question raised in the brief and argument before us, if the court had clearly found all the facts required for a determination of the amount of defendant's liability. The judgment of the court below dismissing the action is reversed. So far as we can now see, the plaintiff is entitled to recover the penalty, and the amount of his recovery will depend upon the facts as found by the jury, or by the

court if the parties so agree. We merely declare there was error in the ruling of the court, and set aside the judgment of nonsuit, or judgment against the plaintiff, and order a new trial of the case in accordance with the principle herein stated.

Having decided that the plaintiff is entitled to the penalty upon the facts relating to the liability as they now appear, it may be that the parties can settle without further litigation, and will prefer that course, there being a very small difference in amount between them.

Error.