W. M. WITHROW AND VIRGINIA-CAROLINA CHEMICAL COMPANY v. SOUTHERN RAILWAY COMPANY.

(Filed 22 May, 1912.)

1. Pleadings—Misjoinder of Parties—Demurrer.

A demurrer to a complaint for a misjoinder of a party plaintiff, on the ground that he is without interest in the suit, is bad.

2. Same—Harmless Error.

It is not held for reversible error when a demurrer to a complaint for a misjoinder of parties is not sustained, it appearing that the party demurring, under an instruction from the court, obtained full relief by the verdict of the jury.

WITHROW *v.* R. R.

3. Carriers of Freight — Negligence — Consignor and Consignee—
   Payment—Evidence—Damages.

   The plaintiff delivered to the defendant railroad for trans-
   portation to its customer fertilizer amounting in price to $1,192
   delivered at destination. The only evidence of payment by the
   customer was to the effect that he gave notes and real estate
   mortgages to secure his indebtedness, which had not been paid,
   without evidence that the value of the shipment was included
   therein. The cars of fertilizers damaged by the defendant's
   negligence had been sold at public auction for $420, paid for by
   note which the plaintiff took as collateral to the debt of its
   customer: *Held*, the evidence did not establish defendant's con-
   tention that the plaintiff had been paid for the fertilizer, and
   therefore could not recover his damages.

APPEAL from *Long, J.,* at August Term, 1911, of RUTHER-
FORD.

This is an action to recover $1,100 damages, alleged to have
been caused by delay in transporting guano, and the plaintiffs
are W. M. Withrow and the Virginia-Carolina Chemical Com-
pany.

The plaintiffs allege, in substance, that in February, 1907,
the plaintiff company agreed to sell and to deliver at Caroleen,
N. C., to the plaintiff Withrow, certain guano; that pursuant
to said agreement said guano was delivered to the defendant at
Blacksburg, S. C., on the first day of March, 1907, to be trans-
ported to Caroleen; that no part of said shipment was deliv-
ered at Caroleen until 3 April, 1907, and that a part of said
guano was lost, and the remainder injured, by the negligence
of the defendant, before it reached Caroleen.

The defendant demurred to the complaint as follows:

"First. That there is a misjoinder of parties plaintiff in
this case. That from the complaint it appears that the plain-
tiff the Virginia-Carolina Chemical Company entered into a
contract with W. M. Withrow, by which the Virginia-Carolina
Chemical Company agreed to deliver to the said W. M. With-
row, at Caroleen, N. C., sixty (60) tons of fertilizer; that the
said Virginia-Carolina Chemical Company delivered said fer-
tilizers to defendant in March, 1907, and the defendant failed
to transport the same until April, 1907. That from the com-

plaint it appears that this is a complete cause of action in favor of the Virginia-Carolina Chemical Company and against the defendant company, and that the said W. M. Withrow has no interest or part therewith.

"Second. That the said complaint does not state a cause of action in favor of W. M. Withrow and against this defendant, for that it appears from the complaint that the only contract entered into or made by this defendant with any person whatsoever in reference to the said fertilizers described in the complaint was with the Virginia-Carolina Chemical Company, and that the title or right of possession to said property did not vest in the said W. M. Withrow until the same reached Caroleen and was there delivered to W. M. Withrow."

The demurrer was overruled, and the defendant excepted. The defendant then answered, denying negligence, and also that the guano had been injured.

The plaintiffs introduced evidence tending to prove that it was a part of the contract between the plaintiffs that the guano was to be delivered at Caroleen; that the delay in transportation was unreasonable, and that a part of the guano was lost and the remainder damaged, on account of the delay, before it reached Caroleen.

The plaintiff Withrow testified as to the damage as follows:

"It (the shipment) would come from Blacksburg to Shelby over defendant's road; then over the S. A. L. to Caroleen. When the guano reached Caroleen it was in bad shape; sacks torn and a great deal of it gone, and the part that was delivered was damp and wet and greatly damaged. It was not all there. At Shelby one of the cars was broken down on the defendant's track. They had to transfer shipment to another car. Lots of it was left in the box car, which was broken down, and a larger quantity scattered round on the ground at the place of the breakdown, from shoe-mouth deep to half-leg deep. I went to see Purvis, agent of the guano company. The guano was torn all to pieces where the breakdown occurred."

The defendant introduced no evidence.

At the conclusion of the plaintiff's evidence the defendant moved for judgment of nonsuit, which was overruled, and the defendant excepted.

The defendant requested that the following instruction be given to the jury:

"1. That the plaintiff W. M. Withrow, upon all the evidence, has no cause of action against the defendant and cannot recover in this action."

The court gave this prayer for instruction, and added that the plaintiff Withrow could not recover on his own testimony that the guano was to be delivered to him by the Chemical Company at Caroleen, N. C.

"2. That there is no evidence of damage to the plaintiff Carolina Chemical Company, and the said plaintiff is not entitled to recover in this action."

The court refused to give this prayer for instruction, and the defendant excepted.

There was a verdict in favor of the Virginia-Carolina Chemical Company for $284, and from a judgment rendered thereon the defendant appealed.

*McBrayer, McBrayer & McRorie for plaintiffs.*
*S. Gallert for defendant.*

ALLEN, J., after stating the case: The demurrer was properly overruled. It is not based upon defect of parties, but because one had been joined as plaintiff who had no interest in the subject of the litigation, and was, therefore, an unnecessary party, which is not good cause for demurrer. *Green v. Green,* 69 N. C., 294; *Sullivan v. Field,* 118 N. C., 358; *Worth v. Trust Co.,* 152 N. C., 242.

In the last case *Justice Hoke,* speaking for the Court, says: "Our decisions are to the effect that the joinder of unnecessary parties plaintiff or defendant is not good cause for demurrer. 'That there is a defect of parties plaintiff or defendant' is the language of our own statute, and numerous decisions with us have given the interpretation that the joinder of too many parties does not come within the statute."

In any event, however, the defendant received the full benefit of the objection raised by the demurrer, as his Honor instructed the jury that the plaintiff Withrow could not recover, and the defendant was not prejudiced by the delay in making the ruling,

as all the material evidence introduced on the trial would have been competent with the Chemical Company as sole plaintiff.

The motion for judgment of nonsuit, and the exception to the refusal of the instruction requested, involve the same question, and that is, the right of the Chemical Company to recover damages upon the evidence.

The defendant admits that as the stipulation that the guano was to be delivered at Caroleen was a part of the contract between the plaintiffs, that the title to the guano was in the Chemical Company at the time of the delay complained of (*Summers v. R. R.,* 138 N. C., 295; *Cardwell v. R. R.,* 146 N. C., 218), and it does not deny that there is evidence of damage, but it contends that the evidence shows that the Chemical Company received the full contract price for the guano and, therefore, says it has suffered no damage.

If it be conceded that this would constitute a defense to the claim for damages, the evidence does not, in our opinion, justify the construction placed upon it by the defendant. There were in the shipment 55 tons of guano, the contract price of which was $20.40 per ton, and 5 tons of acid, sold at the price of $14 per ton, making the total shipment at the price of $1,192.

The only evidence tending to prove that anything was paid the Chemical Company on account of this shipment was that of W. T. Purvis, an agent of the company, who testified as follows: "I made contract for plaintiff company to ship the two cars to Withrow. There were other car-loads shipped to Withrow. I don't think he settled with the company for these cars of guano. He gave notes and real estate mortgage to secure what he owed the company, but has not paid same. These cars of fertilizers were sold at public auction. Perry Hardin bought them and gave note to Withrow, and plaintiff company took the note as collateral to secure our debt against Withrow. This fertilizer was bid off by Hardin for $420."

This falls far short of sustaining the contention that the contract price of $1,192 was paid to the Chemical Company. The witness says he does not think any settlement was made for this shipment; that the plaintiff had bought other guano from

the company and had given his note and mortgage for the indebtedness, and that $420 was realized from the shipment, which was paid to the company.

It does not appear that any part of the value of this shipment was included in the note and mortgage, or that the plaintiff Withrow agreed to pay more than its value after it reached Caroleen, and as the guano was damaged while the property of the Chemical Company, the company was entitled to recover all damages which were caused by the negligence of the defendant.

We find no error in the record, and the verdict of the jury seems to be conservative.

No error.