MEIGS et al. v. HAGAN et al.

(District Court, E. D. Pennsylvania. April 4, 1898.)

COMMON CARRIER—EMPLOYED BY VENDEE—SUIT BY VENDOR.

Where property is delivered to a carrier employed by the purchaser to receive it, the right to sue the carrier for failure of duty vests in the vendee, and not the vendor. Blum v. The Caddo, Fed. Cas. No. 1,573, 1 Woods, 64, followed.

This was a libel in personam by H. V. L. Meigs & Co. against Peter Hagan and others, owners of the barge Morrisdale, to recover damages for breach of a contract of carriage.

Horace L. Cheyney and John F. Lewis, for libelants.

Henry R. Edmunds and John A. Toomey, for respondents.

Supplemental Brief on Behalf of Respondents.

The assumption by libelants that they were the shippers of the coal and that the bill of lading is the contract between the parties is without foundation. The uncontradicted testimony is that the boat was chartered to the consignees for the purpose of carrying the coal which had been sold to them by libelants

f. o. b. The bill of lading shows that the actual shipper was the Finance Company Commercial Agents of the Receivers of the Philadelphia & Reading Coal & Iron Company, who put the cargo aboard at their own wharves, for account of libelants, whose only interest was that of vendors. The bill of lading presupposes the charter, as it refers to the payment of freight by the consignee as agreed, that is the agreement between Hagan and McGinn as to the rate of freight, the consideration for the contract, with which the libelants or shippers had nothing to do, so that the bill of lading in this instance is nothing more than a receipt for the cargo and not a contract of affreightment as the libelants assume.

The libelants were careful to develop the fact that they sold the coal f. o. b., and when the disaster occurred were also careful to declare that they had no interest in the cargo after its delivery on board, which are all consistent with the contention that the charter and not the bill of lading is the contract of affreightment.

In Blum v. The Caddo, 1 Woods, 64, Fed. Cas. No. 1,573, the libelants claimed the right to sue because they made the contract of affreightment with the carrier, but it was also the fact that the freight was paid by the agent of the consignees. This case has never been overruled or questioned.

In Griffith v. Ingledew, 6 Serg. & R. 440, Gibson, J., in contending in his able dissenting opinion that the consignee had no right to sue in that case, says that the discriminative circumstances giving the right to sue are:

(1) An engagement to pay the freight by the person who brings the action.

(2) An order by the consignee to deliver the goods to a particular carrier for account and risk of consignee.

(3) Not merely the legal property but the beneficial interest in the goods existing in the person who brings the action.

A reference to the authorities relied upon by the libelants in their supplemental brief will show that these discriminative circumstances appear in the cases cited by them. In the case of Dunlop v. Lambert, 6 Clark & F. 600, the suit was by the consignor who made the contract and paid the freight. The court, on page 607, say: "The real question here is whether the appellant and respondents were the contracting parties, for if they were and the appellant paid the freight they are entitled to maintain an action." On page 620 the court further says: "It is no doubt true as a general rule that the delivery by the consignor to the carrier is a delivery to the consignee, and that the risk after such delivery is the risk of the consignee. This is so if without designating the particular carrier the consignee directs that the goods shall be sent by the ordinary conveyance; the delivery to the ordinary carrier is then a delivery to the consignee, and the consignee incurs all the risk of the carriage. And it is still more strongly so if the goods are sent by a carrier specially pointed out by the consignee himself for such carrier then becomes his special agent."

In the case of Railroad Co. v. Schwartz, 13 Ill. App. 490, the conflict of authorities upon this point is admitted.

In the case of Packet Line v. Shearer, 61 Ill. 263, the suit was brought by a husband who shipped a trunk to his wife. It was held he had a right to sue for its nondelivery. He probably paid the freight.

Blanchard v. Page, 8 Gray, 281, was the case of a shipment of goods on a general ship to be carried for a stipulated freight. The purchasers of the goods were Sutton, Griffith & Co. of Ft. Smith, Ark., who authorized and requested the plaintiff to ship the goods on board a vessel, to a forwarding house at New Orleans to be sent from there to the purchaser. The court considered the contract binding on the shipper to pay the freight, saying: "In the ordinary form of a bill of lading there is no express stipulation on the part of the shipper to pay freight but this liability results from his having engaged the ship owner to take on board and carry the goods at his instance." The court also found that the contract of shipment was made by the plaintiff as agents for the owners of the goods whose name was not mentioned in the bill of lading.

In the case of Finn v. Railroad Corp., 112 Mass. at page 529, the court says, after referring to the decision in the above case: "When carrying goods from seller to purchaser, if there is nothing in the relation of the several parties except what arises from the fact that the seller commits the goods to the carrier as the ordinary and convenient mode of transmission and delivery in

execution of the order or agreement or sale, the employment is by the seller, the contract of service is with him and an action based upon that contract may be in the name of the consignor; if however the purchaser designates the carrier making him his agent to receive and transmit the goods. or if the sale is complete before delivery to the carrier, and the seller is made the agent of the purchaser in respect to the forwarding of them, a different implication would arise, and the contract of service might be held to be with the purchaser. This distinction we think must determine whether the right of action upon the contract of service implied from the delivery and receipt of goods for carriage is in the consignor or consignee."

Most if not all of the cases which hold that the consignor may sue for the nondelivery of goods are cases where goods have been delivered to a railroad or express company by persons to whom the bills of lading were issued, and who in the first instance were liable to pay the freight.

Among the cases cited by Judge Wood in the case of The Caddo are Dawes v. Peck, 8 Term R. 330, in which Lord Kenyon says the only case where a consignor can maintain the action is where he is answerable for the price of the carriage. And in Evans v. Marlett, another case cited by Judge Wood, reported in 1 Ld. Raym. 271, it was held that if goods by bill of lading are consigned to A., A. is the owner and must bring the action against the master of the ship if they are lost.

In Joseph v. Knox, 3 Camp. 320, Lord Ellenborough held the consignor could recover because the consideration in the bill of lading was paid by him, and on the same ground Lord Mansfield decided the case of Davis v. James, 5 Burrows, 2680.

BUTLER, District Judge. Blum v. The Caddo, 1 Woods, 64 [Fed. Cas. No. 1,573], is directly in point, as respects the libelant's right to sue, and is well supported by the cases cited in the opinion. It is a decision on appeal, in admiralty, and I therefore feel bound to follow it. The facts before me present the question in an unusually strong light for the respondent. The property was delivered to a carrier employed by the purchaser to receive it on his account. The carrier was therefore his agent, not by implication of law simply, but by express authorization. He was sent for the property by, and undertook to carry it for, the purchaser, who bound himself to pay for its transportation. The libelant, when applied to by the carrier for instructions after the accident, denied all interest in the subject, his view of the transaction then agreeing with the respondent's now.

The foregoing was written and intended to be filed as the opinion of the court, some months ago. When counsel were informed of what was about to be done, counsel for the libelant asked leave to file a supplemental brief, which was granted. It is now before me, with an answer from the respondent. A further examination of the subject, in the light of these briefs, has not changed my mind. The question whether a vendor of goods delivered to a common carrier may sue the carrier for failure of duty, under ordinary circumstances, has given the courts much trouble and caused many conflicting decisions. Where, however, the goods are delivered to the vendee's agent, who is a carrier, hired by him and sent for them at his cost, as in this instance, it seems generally to be conceded by the authorities that the right of suit is in the vendee. I do not propose to discuss the subject, but as the respondent's brief presents a fair consideration of it and the authorities, and expresses the views I have adopted, I will attach it hereto.

The libel must be dismissed, with costs.