W. D. ROBERTSON v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 16 September, 1908.)

1. Penalty Statutes—Carriers of Goods—Benefit of Shipper—Party Aggrieved.

When the consignor ships goods to be sold for his own benefit, he is the "party aggrieved," under Revisal, sec. 2632, and the proper party plaintiff. Revisal, sec. 400.

2. Penalty Statutes—Carriers of Goods—Suit for Damages and Penalty—Joinder of Action—Contract—Merger.

An action for damages against a carrier for a lost shipment, and one for the penalty for unreasonable delay given by Revisal, sec. 2632, do not merge into each other. They arise on contract and may be joined in the same action. Revisal, sec. 2634.

3. Penalty Statutes—Carriers of Goods—Defense—Burden of Proof—Evidence.

The burden of proof is on the carrier to show that it is relieved of the penalty prescribed by Revisal, sec. 2632, under the provision thereof, because the goods were "burned, stolen or destroyed." That the goods were placed in defendant's car by the initial carrier, that search had been made therefor, without stating how thorough, and the absence of evidence that the goods had since been seen, is no evidence that they were "burnt, stolen or destroyed."

4. Penalty Statutes—Carriers of Goods—Action for Penalty, Form of.

Under Revisal, sec. 2632, the action for penalty is given directly to the party aggrieved, and is not required to be brought "on relation of the State." If it were, that would be a mere informality, which could be remedied by amendment.

ACTION heard by W. R. Allen, J., who found the facts, by consent, at November Term, 1907, of BERTIE.

Defendant appealed.

*Winston & Matthews* for plaintiff.

*Shepherd & Shepherd* and *Pruden & Pruden* for defendant.

CLARK, C. J. The plaintiff shipped a box of tobacco from Colerain, in Bertie County, to Gravely's warehouse, at Rocky Mount, N. C., to be sold for shipper's benefit, taking a through bill of lading. The tobacco was delivered by the first carrier, the Navigation Company, to the other defendant, the Atlantic Coast Line, at Tunis, N. C., on 20 October, 1906, and was placed by it in one of its cars. The tobacco was never delivered. The Judge, who found the facts by consent, finds "that search has been made for said tobacco, but there is no evidence that any one has seen it since its delivery to said railroad company, 20 October, 1906, and no evidence that it was burnt, stolen or destroyed."

This action was brought to recover the value of the tobacco and the penalty for thirty days' unreasonable delay. It appeared in evidence that the defendant railroad company had paid the consignee the value of the tobacco since suit brought. Upon the evidence the court rendered no judgment against the Navigation Company for the value of the tobacco, but entered judgment against the railroad company for $85, the penalty for thirty days' unreasonable delay allowed by Revisal, sec. 2632.

The consignor, being the sole party in interest, was the proper plaintiff (Revisal, sec. 400; *Rollins v. Railroad,* 146 N. C., 153), in which case the plaintiff shipped the goods, as here, to be sold for his benefit.

The plaintiff had the right to recover the penalty for delay and also the value of the goods, if not delivered. Both causes of action arise on contract, and they can be joined in the same action. Revisal, sec. 2634. This would be so without the statutory provision. In *Meredith v. Railroad,* 137 N. C., 478, the plaintiff recovered for partial loss of the

goods and for the penalty for delay. One does not merge the other. If it did, in some cases it would be an absolute profit to the carrier to withhold the goods and pay the penalty. In others, as in this case, it could save money and deprive the shipper of the protection of the statute by paying the value of the goods instead of the penalty imposed by the statute. This would be a virtual repeal of the statute as to all small shipments, though they need its protection . the most.

When without its default the goods are not delivered, as where they are "burned, stolen or destroyed," the law justly relieves the carrier from the penalty. But this is a defense, and the burden is on the carrier to prove it. Mere proof of loss raises a presumption of negligence. It does not at the same time negative this by raising a presumption that the goods were burned or destroyed or that they were stolen, but throws the burden of proving those matters upon the defendant, if it seeks to excuse itself. It is true the defendant did not put any witness on the stand to prove that the goods had been seen since they were put in the car, and it is not likely that it would. The plaintiff could hardly be able to do so. The tobacco was not necessarily or presumptively, therefore, burned or destroyed or stolen. · It may, and probably was, negligently missent to some other of the hundreds of stations of the defendant, the Coast Line system, where it may now be lying, or it may have been negligently placed in one of the cars sent out from Tunis to distant points on other lines in other States. Wherever it may be, it is now the property of the railroad company, which has paid for it.

The Judge states that "search has been made," but he does not say how thorough it was, nor when and where made. It is not probable that such search was made at all points to which the tobacco could have been missent. There was "no evidence," the learned Judge says, "that it was burnt, ·

stolen or destroyed." The mere fact that the goods are missing or their present. whereabouts is unknown to the carrier, which at common law is an insurer of their safe conveyance and delivery, cannot raise a presumption of a state of facts that would excuse its failure to deliver in a reasonable time. There must be evidence tending to show burning, destruction or theft. The Judge not only does not find such defense proven, but finds that there was no evidence of it.

In *Thompson v. Express Co.*, 147 N. C., 343, where the findings of fact were identical with those in this case, this Court, speaking through *Brown, J.*, "found no error" and sustained the same verdict of $85 for the thirty days' penalty, but gave a partial new trial, on the issue as to the $50 penalty for not auditing and settling the claim for the goods lost in sixty days, because the claim was not filed in writing.

The defendant further moves to dismiss in this Court because the action is not brought "on relation of the State." Revisal, sec. 2632, does not require this formality, but gives the action directly to "the party aggrieved," thus taking it even out of the permissive authority to use the name of the State, given by Revisal, sec. 2647. *Carter v. Railroad,* 126 N. C., 444, and cases there cited. Even if it were otherwise, and it had been required to bring the action "on relation of the State," the case would not be dismissed, either in the court below or in this Court, for such mere informality, but an amendment would be allowed. *Harcum v. Marsh,* 130 N. C., 154; *Wilson v. Pearson,* 102 N. C., 318; *Grant v. Rogers,* 94 N. C., 760; *Forte v. Boone,* 114 N. C., 177, and cases there cited.

Affirmed.