No error.

---

PARKER BUGGY CORPORATION v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 9 March, 1910.)

**Carriers of Freight—Consignor and Consignee—Open Bill of Lading—Presumption—Party Aggrieved.**

When goods are shipped under an open bill of lading and the consignor has never in any way rescinded or abandoned the contract of sale with the consignee, or resumed possession of the goods, but still holds him responsible, and they are in the railroad warehouse at their destination, the former is not the "party aggrieved," and may not maintain his action for damages to the goods, there being no evidence to rebut the presumption of *prima facie* ownership by the consignee arising from the consignor's delivery of the goods to the carrier upon a bill of lading of this character.

APPEAL from *Guion, J.,* at October Term, 1909, of CRAVEN.

Civil action to recover damages for delay and injury to goods shipped over defendant road.

There was evidence tending to show that the goods were shipped by plaintiff, manufacturers of buggies, on an open and ordinary bill of lading to one J. M. Arnold, consignee, at New Bern, N. C., and that there was wrongful delay in the shipment, and negligent injury done the goods imputable to the defendant, the A. C. L. Railroad Company.

At the close of plaintiff's evidence, and at the close of the

entire evidence, there was motion to nonsuit under the Hinsdale Act. Both motions denied, and exceptions duly made and entered. The jury rendered the following verdict:

1. Has the plaintiff been damaged by the negligence of the defendant Atlantic Coast Line Railroad Company, as alleged? Answer: Yes.

2. If so, what damage has he sustained by reason of wrongful delay in delivering such vehicles, as alleged? Answer: $100.

3. If so, what damage, if any, has he sustained by reason of the negligent conveyance of said vehicles while in transit over defendant Atlantic Coast Line Railroad Company's line? Answer: $200.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*R. A. Nunn* for plaintiff.
*Rouse & Land* for defendant.

HOKE, J. The decisions of this State uphold the position that where goods are shipped with a common carrier, under circumstances importing absolute ownership of same on the part of the consignee, and of all pecuniary and beneficial interest in the contract of shipment and its proper performance, the right to recover damages for delay in the shipment, or negligent injury to the goods during their transportation, rests in the consignee, and he alone can maintain an action for such wrong.

Our authorities are also to the effect that where a vendor ships goods to a vendee on an ordinary and open bill of lading, that the purchaser designated as the consignee in such bill of lading is *prima facie* the owner of the goods, and of all interest in the contract of shipment; and, in the absence of any evidence tending to qualify or restrict the conditions stated, on injury wrongfully suffered, the consignee and not the consignor is the proper party to institute and maintain the suit.

The principle indicated has of late been more frequently recognized and applied with us in actions against common carriers under the penalty statutes of the State in defining who is the "party aggrieved," designated in most of them as the person who may bring the suit, as in *Stone v. R. R.,* 144 N. C., 220, but they are made to rest on the principle that where a vendor ships goods to a purchaser with a common carrier designated by such purchaser, or with a common carrier whose lines afford the usual route and ordinary method of shipment, and on a bill of lading of the kind described, the carrier is con-

BUGGY CORPORATION v. RAILROAD.

sidered the agent of the vendee, and on delivery to such carrier the title passes to such vendee, and, thereafter, nothing else appearing, he is the real party interested in the proper performance of the contract. *Hunter v. Randolph*, 128 N. C., 91. And in *Gaskins v. R. R.*, 151 N. C., 18, the doctrine was applied to a case directly involving the right of a consignor to maintain a suit for damages, when it appeared, without more, that the goods had been shipped to a purchaser on an open bill of lading; and it was held that the action would not lie.

We are aware that other courts, eminent for their ability and learning, hold, as we interpret their opinions, that in actions on the contract of carriage both the consignor and consignee may ordinarily sue, and if it is disclosed on the trial that the consignee is the sole owner of the goods, and of all interest affected by the wrong, that the recovery will be to his use. Mr. Hutchinson, in his valuable and accurate work on carriers, gives an interesting account of some of the different decisions on the subject, Hutchinson, 3 Ed., secs, 1304-5-6-7 *et seq.* (original secs. 720 *et seq.*), and adds the weight of his own opinion in favor of this view. Secs. 1312-13. The author, however, states that the contrary position is maintained by courts of recognized authority, citing *Potter v. Lausing*, 1 Johnson, 215; *Meigs v. Hagan*, 86 Fed., 926; *Everett v. Salters*, 15 Wendell, 474; *McLanglin v. Mastin*, 12 Col. App., 268; 55 Pacif., 195; *R. R. v. Metcalf*, 50 Neb., 452, and other authorities in support of this statement.

While we are deeply sensible of the great consideration due, and which should always be given to courts and text-writers of the character referred to, we have concluded to adhere to our own position on the question presented, as grounded on repeated adjudications with us, as more in keeping with the spirit and letter of our law, which requires that actions shall be prosecuted in the name of the real party in interest; and as presenting, perhaps, fewer complications than may often arise in the administration and enforcement of the contrary ruling.

While, on the facts presented, this is the position which *prima facie* obtains with us, it is open to the consignor to sustain his right to sue on the contract by evidence relevant and sufficient tending to qualify the conditions indicated. Thus he may show that the goods were shipped under stipulations that in effect retained the title thereto, or some interest therein, in the consignor, as in *Mfg. Co. v. R. R.*, 149 N. C., 261; or that the goods were shipped on consignment, or under other circumstances showing that the consignor had a pecuniary and beneficial interest in the proper performance of the contract of shipment; as in *Summers' case*, 138 N. C., 295, or in *Rollins' case*, 146

N. C., 153, or *Cardwell's case,* 146 N. C., 218; or it may be shown that, owing to the carrier's default, the parties have rescinded the contract and restored the title to the consignor before action brought, as in *R. R. v. Commercial Guano Co.,* 103 Ga., 590. This case being digested in part as follows: "1. Where a consignee of freight refuses to receive goods on account of damages done to them in the hands of the common carrier, and the goods are subsequently thrown back on the hands of the consignor, the latter has a right to bring an action for such damages against the carrier." And other qualifying conditions might be suggested. But wherever it appears, as stated, that a vendor has shipped goods to a purchaser on an open bill of lading by a carrier selected by the purchaser, or by a carrier whose lines afford the usual route and ordinary methods of shipment, in which case a selection by the purchaser may be presumed, and there is no fact in evidence which tends to restrict or qualify the interest of the purchaser designated as consignee in the bill, in such case, and under our decisions, the consignee alone has a right of action for wrongful delay in shipment or negligent injury to the goods during transportation on the part of the carrier. And so it is here. The testimony set out in the case on appeal discloses that the goods were shipped by plaintiff to J. M. Arnold, as consignee and purchaser, at New Bern, N. C., under an open bill of lading; and it further appears that the plaintiff, consignor, has never in any way rescinded or abandoned the contract or resumed possession of the goods; but, at the time of action commenced, and at the time of trial, the same were in a railroad warehouse in New Bern, N. C., and plaintiff's president and general manager testified that the plaintiff still held the consignee responsible on the contract, as the matter now appears, of bargain and sale.

On these facts, we are of opinion, and so hold, that the defendant's motion to nonsuit should have been sustained, and it is so ordered.

Reversed.