ELLINGTON & GUY, Inc. v. NORFOLK SOUTHERN RAILROAD
COMPANY.

(Filed 3 November, 1915.)

**Carrier of Goods—Open Bill of Lading—Ownership of Goods—Presumptions—Evidence.**

The consignee of a shipment of goods is regarded as the owner thereof when received by the carrier under an open bill of lading given therefor to the consignor, without anything to indicate to the contrary, and in an action by the latter to recover damages to the shipment, such paid bill of lading alone is no evidence of the ownership by the consignor of the goods, the presumption being that the consignee paid it, and upon the evidence the consignor cannot recover.

APPEAL by defendant from *Peebles, J.,* at the March Term, 1915, of LENOIR.

Action to recover damages for negligence in the transportation of a carload of lumber from Kinston, N. C., to Gloucester, N. J.

The defendant moved for judgment of nonsuit at the conclusion of the evidence of the plaintiff and renewed the motion at the conclusion of the whole evidence. The motion was overruled and the defendant excepted. There was a verdict and judgment for the plaintiff and the defendant appealed.

*G. V. Cowper and R. H. Lewis, Jr., for plaintiff.*
*Rouse & Land for defendant.*

ALLEN, J. The plaintiff, who is the consignor of certain lumber shipped under an open bill of lading, is prosecuting this action to recover damages for negligence in the transportation of the lumber. He has offered no evidence tending to prove that the lumber was shipped on consignment or that he retained any interest therein, nor has any evidence been introduced tending to show that he has suffered damage. He attempted to prove that he had been compelled to pay additional and increased freight charges by reason of the negligence of the defendant, but the only evidence of this fact is a freight bill which was produced by the defendant upon notice, which only shows a payment of the freight and does not indicate whether it was paid by the consignor or consignee.

As the consignee becomes the owner of goods shipped upon an open bill of lading at the time of delivery to the common carrier, nothing else appearing, he is *prima facie* liable for the freight, and in the absence of proof to the contrary it would be presumed that he paid it. Hutchison Carriers, vol. 2, sec. 807.

On these facts and in this condition of the record it is clear that the plaintiff is not entitled to recover and that the motion for judgment of

nonsuit ought to have been sustained. *Stone v. R. R.*, 144 N. C., 222; *Mfg. Co. v. R. R.*, 149 N. C., 262; *Buggy Co. v. R. R.*, 152 N. C., 122.

In the last case *Justice Hoke* reviews the authorities and states with clearness and accuracy the principles that are controlling in this State. He says: "The decisions of this State uphold the position that where goods are shipped with a common carrier, under circumstances importing absolute ownership of same on the part of the consignee, and of all pecuniary and beneficial interest in the contract of shipment and its proper performance, the right to recover damages for delay in the shipment, or negligent injury to the goods during their transportation, rests in the consignee, and he alone can maintain an action for such wrong. Our authorities are also to the effect that where a vendor ships goods to a vendee on an ordinary and open bill of lading, the purchaser designated as the consignee in such bill of lading is *prima facie* the owner of the goods, and of all interest in the contract of shipment; and, in the absence of any evidence tending to qualify or restrict the conditions stated, on injury wrongfully suffered, the consignee and not the consignor is the proper party to institute and maintain the suit. . . . It is open to the consignor to sustain his right to sue on the contract by evidence relevant and sufficient tending to qualify the conditions indicated. Thus he may show that the goods were shipped under stipulations that in effect retained the title thereto, or some interest therein, in the consignor, as in *Mfg. Co. v. R. R.*, 149 N. C., 261; or that the goods were shipped on consignment, or under other circumstances showing that the consignor had a pecuniary and beneficial interest in the proper performance of the contract of shipment, as in *Summer's case*, 138 N. C., 295, or in *Rollins' case*, 146 N. C., 153, or *Cardwell's case*, 146 N. C., 218; or it may be shown that, owing to the carrier's default, the parties have rescinded the contract and restored the title to the consignor before action brought, as in *R. R. v. Commercial Guano Co.*, 103 Ga., 590."

Reversed.