R. L. ANDERSON v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 20 February, 1924.)

**1. Evidence—Demurrer.**

> The plaintiff's evidence must be accepted as true and in the light most favorable to him, upon defendant's motion as of nonsuit.

**2. Carriers — Title — Presumptions — Evidence — Consignor and Consignee—Actions.**

> While the title to a shipment of goods upon carrier's open bill of lading is presumed to pass to the consignee, it may otherwise be shown; and where the shipment is refused by the consignee because of being rendered worthless through the carrier's negligence *in transitu,* or redelivered to the carrier by him, the title is revested in the consignor and he may maintain his action against the carrier for damages.

ADAMS, J., concurring; CLARKSON, J., concurring in the opinion of ADAMS, J.

APPEAL from *Bryson, J.,* at Fall Term, 1923, of CLAY.

The plaintiff, in Clay County, N. C., in February, 1922, killed and dressed a hog, weighing 595 pounds, and on the next day delivered it to the defendant express company to be shipped to Dr. Cutts, president of Willingham School, at Blue Ridge, Ga. The evidence is that the hog was loaded on a wagon on the evening of the 15th and allowed to remain out all night, the weather being very cold, and was started next morning about sunrise to Murphy, and delivered that morning to the defendant, who accepted the shipment. On its arrival at Blue Ridge,

Ga., it was delivered to the agent, of the consignee and carried out to the consignee. It was then discovered that the meat was badly damaged.

Immediately on discovery of its unusable condition it was sent back by the consignee, who declined to accept it, because "badly spoiled and unusable," to the agent of the defendant at Blue Ridge, who, upon examination, said it was in bad condition, and told the servant of the consignee to "take it out and dump it"—that is, bury it—which was done.

The evidence is, that the weather of 15, 16, and 17 February was very cold; that the plaintiff used great care in dressing said hog, and selected this cold spell in which to kill it, and it was in good condition when delivered to the agent of the defendant at Murphy for shipment. The plaintiff alleges negligence, in that the hog was damaged in the transportation thereof, in that it was placed in a car, close to a heated stove, whereby it was damaged and spoiled before reaching its destination and the consignee.

At the close of all the evidence the defendant moved for a nonsuit, which was granted, and the plaintiff appealed.

*Anderson & Gray and A. W. Horn for plaintiff.*
*J. D. Mallonee for defendant.*

CLARK, C. J. This being a nonsuit, the evidence for the plaintiff must be taken as true and in the most favorable aspect for him. It is true, as a general principle, that when there is a shipment by a common carrier upon an open bill of lading it becomes the agent of the consignee, but, as said by *Hoke, J.,* in *Buggy Corp. v. R. R.,* 152 N. C., 122, "It may be shown that, owing to the carrier's default, the parties have rescinded the contract and restored the title to the consignor before the action brought, as in *R. R. v. Guano Co.,* 103 Ga., 590." That case held that "Where a consignee of freight refuses to receive goods on account of damage done to them in the hands of the common carrier, and the goods are subsequently thrown back on the hands of the consignor, the latter has a right to bring an action for such damage against the carrier. And other qualifying conditions might be suggested."

The above principle has been cited and approved in *Aydlett v. R. R.,* 172 N. C., 49, where, citing from the above case, and upon testimony almost identical with this, this Court said: "On account of bad condition of potatoes on arrival, the consignee refused to receive them and notified the consignor at once." Here the consignee refused to accept the shipment, and promptly notified the carrier. This Court held, in *Aydlett's case:* "As a general rule, it is true that where goods are shipped upon an open bill of lading, the title passes to the consignee at the time they are delivered to carrier, and any ensuing damages must

be recovered by consignee, etc. Notwithstanding this general rule, it is open to the consignor to show that the goods were shipped on consignment, or that, owing to peculiar circumstances, by agreement between himself and the consignee, the title had revested in the consignor while the goods were *in transitu,* and that the consignor had a pecuniary interest in the proper performance of the contract of shipment. The identical case is presented in *R. R. v. Guano Co.,* 103 Ga., 590, where it is held that where a consignee of freight refuses to receive goods on account of damage done to them in the hands of the common carrier, and the goods are subsequently *thrown back* on the hands of the consignor, the latter has a right to bring action for such a damage against carrier. This case is cited with approval by this Court in *Buggy Corp. v. R. R.,* 152 N. C., 122." Nothing is said here about an agreement to rescind.

Upon this nonsuit the testimony for the plaintiff must be taken as true that this shipment was in good condition when delivered to the express company and badly spoiled when it arrived at its destination, and the defendant put on no evidence to contradict either statement. Dr. Cutts testifies that he did not pay for it because it was spoiled and unusable. The defendant's witness, its agent at Blue Ridge, testified that it was badly spoiled when it was delivered there.

It is very certain that the consignee could not sue for the damage, for he refused to accept the goods because it was spoiled; and if the consignor cannot sue, it would follow that the defendant would be liable to no one for negligence in the transportation of the shipment. The refusal of the consignee to accept the shipment because spoiled, and of the consignor in bringing this action, are the equivalent of an express agreement to rescind, and, indeed, a rescission in itself.

We think, therefore, that the case should have been submitted to the jury as to whether the shipment was damaged by the negligence of the defendant, and that the plaintiff is entitled to maintain this action upon the evidence set out.

New trial.

ADAMS, J., concurring: When goods are delivered to a common carrier for transportation on an open bill of lading, the presumption is that the title to the goods passes to the consignee. In such case, if there is no restrictive condition, he, and not the consignor, is the aggrieved party, in whose name a suit for loss or damage must be brought. *Ober v. Smith,* 78 N. C., 313; *Gwyn v. R. R.,* 85 N. C., 430; *Stone v. R. R.,* 144 N. C., 220; *Mfg. Co. v. R. R.,* 149 N. C., 261; *Buggy Corporation v. R. R.,* 152 N. C., 119; *Ellington v. R. R.,* 170 N. C., 36. But it is open to the consignor to show his right to institute and main-

tain the action. He may sue if title is retained, or if the goods are to be sold for his benefit, or if he has contracted to deliver the goods to the consignee, or if title is to pass only when the goods are received, or if the consignee is to inspect the goods before the purchase price is payable, or if a draft attached to a bill of lading is not paid by the consignee, or if the goods are rejected and thrown back on the consignor. *Summers v. R. R.,* 138 N. C., 295; *Rollins v. R. R.,* 146 N. C., 153; *Cardwell v. R. R., ibid.,* 219; *Davis v. R. R.,* 147 N. C., 68; *Robertson v. R. R.,* 148 N. C., 323; *Box Factory v. R. R., ibid.,* 421; *Mfg. Co. v. R. R., supra; Elliott v. R. R.,* 155 N. C., 236; *Aydlett v. R. R.,* 172 N. C., 47; *Trading Co. v. R. R.,* 178 N. C., 175; *Collins v. R. R., ante,* 141.

There was at least some evidence from which the jury might have inferred that the hog was rejected by the consignee and in contemplation of law thrown back on the hands of the consignor. *R. R. v. Guano Co.,* 103 Ga., 590; *R. R. v. Electric Co.,* 55 Ky., 918; *Buggy Corporation v. R. R., supra; Aydlett v. R. R., supra.*

But there is another reason for sustaining the action. Whether the plaintiff be the consignor or the consignee there can be only one recovery on the alleged cause of action, and the defendant, if protected against paying for the property more than once, should have no special concern as to any diversity of interest between the possible claimants. *Stone v. R. R., supra; Rollins v. R. R., supra.* The consignee not only refused to pay for the hog because it was spoiled, but he testified at the trial on behalf of the consignor. He has interposed no objection to the plaintiff's recovery, and has apparently disclaimed any personal interest in the shipment. In these circumstances he will be deemed to have assented to consignor's right to maintain the action. At any rate, he does not claim to be the party aggrieved. The apposite principle is thus stated: "It has been held that, in a suit by the consignor against the carrier to recover the loss caused by damage to the goods shipped, where no exception has been filed *in limine* to the right of such consignor to sue, and where the consignee appears and testifies for plaintiff on the merits, the defense by the carrier that the consignor, not being the owner of the goods, has no cause of action, cannot avail it, since the only object of the carrier in seeking to have the proper plaintiff is to avoid double payment for the damage claimed; and the action of the consignee in testifying for plaintiff consignor is tantamount to an acquiescence by the consignee, and he is thereby estopped from recovering on the same cause of action." 10 C. J., 348.

CLARKSON, J., concurs in this opinion.