PINER BROTHERS, Inc., v. NORFOLK SOUTHERN RAILROAD
COMPANY.

(Filed 8 October, 1924.)

**Actions—Carriers—Railroads—Negligence—Damages—Parties—Consignor and Consignee—Title.**

While ordinarily the title to a shipment by common carrier by rail, on an open bill of lading, is in the consignee, nothing else appearing thereon, the contrary may be shown by the evidence; and where the consignee refuses the shipment for damages, the consignor is the party aggrieved and may maintain his action against the carrier upon the ground that the latter's actionable negligence caused the damage to the shipment.

APPEAL by defendant from *Daniels, J.,* at June Term, 1924, of CARTERET.

Civil action to recover damages for an alleged negligent injury to a carload of cabbages shipped from Morehead City to Pittsburgh, Pa.

Plaintiff sold to Andrews Brothers Company of Pittsburgh, Pa., for an agreed price per crate, f. o. b. Morehead City, a carload of cabbages, amounting to $479.50. The cabbages were to be transported in a refrigerator car and delivered to the order of the consignee. They were so damaged in transit as to render them unmerchantable, and for this reason the consignee refused to accept them when they arrived at destination. The Railroad Company sold the cabbages for $94.50 and applied the amount on freight charges.

PINER BROTHERS *v.* R. R.

Plaintiff brings this action to recover the value of the shipment, alleging that the damage resulting from an excess quantity of cabbages in the car, loaded under instructions of the defendant's agent, and from a failure to keep the car properly iced.

Upon denial of liability and issues joined, there was a verdict and judgment for plaintiff, from which defendant appeals, assigning errors.

*Luther Hamilton for plaintiff.*
*Moore & Dunn and Julius F. Duncan for defendant.*

STACY, J.   Defendant's chief exception, as stressed on the argument and in its brief, is the one addressed to the refusal of the court to grant its motion for judgment as of nonsuit, made first at the close of plaintiff's evidence and renewed at the close of all the evidence, upon the ground that the consignee of said shipment of cabbages, and not the plaintiff, is the real party in interest and alone entitled to maintain an action for its loss or damage.

Speaking to this question in the recent case of *Anderson v. Express Co.,* 187 N. C., p. 173, *Adams, J.,* epitomizing the decisions on the subject in a concurring opinion, said:

"When goods are delivered to a common carrier for transportation on an open bill of lading, the presumption is that the title to the goods passes to the consignee. In such case, if there is no restrictive condition, he, and not the consignor, is the aggrieved party, in whose name a suit for loss or damage must be brought. (Citing authorities.) But it is open to the consignor to show his right to institute and maintain the action. He may sue if title is retained, or if the goods are to be sold for his benefit, or if he has contracted to deliver the goods to the consignee, or if title is to pass only when the goods are received, or if the consignee is to inspect the goods before the purchase price is payable, or if a draft attached to a bill of lading is not paid by the consignee, or if the goods are rejected and thrown back on the consignor"; citing a number of authorities.

To like effect is the language of the present *Chief Justice* in *Buggy Corp. v. R. R.,* 152 N. C., p. 122, quoting with approval from *R. R. v. Guano Co.,* 103 Ga., 590: "Where a consignee of freight refuses to receive goods on account of damages done to them in the hands of the common carrier, and the goods are subsequently thrown back on the hands of the consignor, the latter has a right to bring an action for such damages against the carrier."

It was in evidence, and not denied, such evidence coming from a member of the partnership of Andrews Brothers Company, that the

shipment of cabbages here in question was rejected by the consignee and thrown back on the hands of the consignor, hence the motion to nonsuit, upon the ground stated, was properly overruled. *Anderson v. Express Co., supra.*

The remaining exceptions call for no extended discussion. The case seems to have been tried in substantial conformity to the law bearing on the facts, and we have discovered no ruling or action on the part of the trial court which would warrant a reversal or an order for another hearing. The verdict and judgment will be upheld.

No error.