N. W. HARDISON v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 10 March, 1926.)

**Carriers—Freight—Railroads—Negligence—Damaged Shipment—Refusal by Consignee—Actions—Parties.**

> The consignor of a shipment may maintain his action for damages arising from the negligence of a railroad company to a shipment of potatoes that arrived at destination in a worthless condition when refused by consignee for that reason and thrown back on the hands of the consignor.

APPEAL by defendant from *Bond, J.,* at October Term, 1925, of CRAVEN.

Civil action to recover damages for an alleged negligent injury to a quantity of Irish potatoes shipped from New Bern, N. C., to Middlesboro, Ky.

Plaintiff sold to Lovett Fruit & Produce Company of Middlesboro, Ky., 175 barrels of potatoes at the agreed price of $875.00 f. o. b. New Bern, N. C. The potatoes were delivered to the defendant on 8 June, 1922, in good condition; they were so damaged in transit as to render them unmerchantable, and for this reason the consignee refused to accept them when they arrived at destination. The railroad company sold the potatoes and applied the proceeds to its charges for freight.

Plaintiff brings this action to recover the value of said potatoes, alleging that they were damaged in transit by negligent handling and unreasonable delay in transportation.

Upon denial of liability, and issues joined, there was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*D. L. Ward for plaintiff.*
*Moore & Dunn for defendant.*

STACY, C. J. Several exceptions were taken to the introduction of evidence, but these are untenable, and the assignments of error based thereon are not sustained.

The exception addressed to the refusal of the court to grant the defendant's motion for judgment as of nonsuit, made first at the close of plaintiff's evidence and renewed at the close of all the evidence, principally upon the ground that the consignee of said shipment, and not the consignor, is the real party in interest and alone entitled to maintain an action for its loss or damage, must also be overruled on authority of *Piner Bros. v. R. R.,* 188 N. C., 339, where it was held that when a consignee of freight refuses to accept same on account

of damage in transit, and the shipment is subsequently thrown back on the hands of the consignor, the latter may maintain an action for such damage against the carrier.

It was in evidence, and not denied, in fact offered by the defendant, that the shipment of potatoes here in question was rejected by the consignee and thrown back on the hands of the consignor, hence the motion to nonsuit, on the ground stated, was properly overruled. *Anderson v. Express Co.,* 187 N. C., 171.

The remaining exceptions present no new or novel questions of law not heretofore covered by our decisions; they call for no elaboration. The verdict and judgment must be upheld.

No error.