## NASHVILLE, CHATTANOOGA AND ST. LOUIS RAILWAY v. SOUTHERN NURSERY COMPANY.

Middle Section.   June 26, 1926.

No petition for Certiorari was filed.

1. **Carriers. Carrier upon whose line loss or damage occurs is liable to holder of bill of lading.**
The remedy provided by statute which gives the holder of the bill of lading the right to collect from the initial carrier all damage regardless of where the loss or damage occurred, is not exclusive and an action may be prosecuted against the connecting or terminal carrier when loss or damage is shown to have occurred on its line.

2. **Sales. Sale of goods is complete upon their unconditional delivery to a common carrier.**
The sale of goods is complete and title passes, subject alone to stoppage in transitu and avoidance for fraud, upon their unconditional delivery to a common carrier for shipment to the purchaser.

3. **Carriers. Consignor may maintain action for recovery of loss of goods regardless of ownership.**
Where the consignor makes the contract of shipment with the carrier, he may maintain an action thereon, for loss of, or injury to, the consignment, irrespective of the question of ownership, in such cases it being considered that the privity of contract between the consignor and the carrier is a sufficient foundation on which to base the action.

4. **Carriers. Settlement made by holder of bill of lading is a bar to recovery by any other party to the transaction.**
The rule is that when a shipper recovers judgment against an initial carrier for loss and damages to the interstate shipment and accepts payment thereof, he is then precluded from recovering additional damages for the same cause of action against the connecting carrier; because when the party elects to sue a tort feasor who is liable for all damages and recovers, he cannot sue the other wrongdoer.

5. **Carriers.** Carrier entitled to recover back money paid consignor when delivering carrier had made settlement prior thereto.

In an action to recover back money paid to the consignor for the loss of fruit trees where it was afterwards learned that the delivering carrier had paid the consignor therefor, held that settlement with the consignee barred any right of the consignor to recover and the carrier was entitled to recover the money paid.

6. **Carriers.** Fact that consignee settled for an illegal sum does not entitle consignor to difference that could have been recovered by law.

In an action by an initial carrier to recover from the consignor money paid for the loss of a shipment of fruit trees where it appeared that the consignee had settled with the delivering carrier for a sum less than he was legally entitled to, held such settlement barred all action of the consignor and the carrier was entitled to recover all money paid and not merely the sum paid the consignee.

Appeal from Chancery Court, Franklin County; Hon. T. L. Stewart, Chancellor.

Modified and affirmed.

Fitzgerald Hall, Frank Slemons, William Waller, of Nashville, and George Banks, of Winchester, for appellant.

Frank L. Lynch, of Winchester, for appellee.

DeWITT, J. The question for determination is whether or not the initial carrier of an interstate shipment of goods may recover from the shipper under a straight bill of lading a sum paid by it to the shipper under the Carmack and Cummins Amendments to the Acts of Congress regulating interstate carriers, for loss or damage to goods incurred while in the possession of the terminal carrier, when the terminal carrier has already made settlement with the consignee without the knowledge of the initial carrier. The complainant appeals from decree of the Chancellor awarding a recovery of $40.35, instead of $132.90 paid by it to the shipper under mistake of fact. The amount thus awarded by the Chancellor was the amount paid to the consignee by the terminal carrier in settlement of the claim made by the consignee.

In March, 1920, the shipper, Southern Nursery Company, sold to A. Hamilton & Sons of Bangor, Michigan, two boxes of trees, delivering the same to the Nashville, Chattanooga & St. Louis Railway to be shipped by its line, the Chicago, Burlington & Quincy Railroad and the Pere Marquette Railway, to the consignee at Bangor, Michigan. The bill of lading was a standard form of straight bill of lading without reservation of title in the shipper. The invoice of the Nursery Company, dated March 10, 1920, was for $132.90 to be paid by A. Hamilton & Sons on June 1, 1920. On account of a strike the trees were so long delayed while in possession of the Pere Marquette Railway Company that they became worthless. The bill of lading contained a clause limiting the

value to $3 per hundred weight, or $40.35. This was admittedly invalid under the Cummins Amendment, which places upon the carriers liability for the full actual loss, damage or injury to the property transported, which is caused by them, and makes unlawful any limitation of that liability. (Act of March 4, 1915, 38 Stat. at L., 1197; Act of August 9, 1916, 39 Stat. at L., 441.)

Although the consignee refused the goods and therefore declined to pay for them, it made demand upon the Pere Marquette Railway Company for settlement of the loss. Relying upon the valuation clause, the Pere Marquette Company paid to the consignee, on May 16, 1921, the sum of $40.35 in full settlement. In the meantime, the shipper had made demand upon the complainant, the initial carrier, for settlement under the Cummins Amendment, and on October 7, 1921, complainant paid to the shipper $132.90, the full value of the shipment, in total ignorance of the previous transaction of settlement between the consignee and the terminal carrier. The bill in this cause was filed to recover back the amount of this payment made by mistake, on the ground that defendant, Nursery Company, the shipper, was concluded by the settlement made by the consignee with the terminal carrier. The Chancellor, as aforesaid, limited the recovery to the amount paid under the previous settlement. The complainant the initial carrier, insists that it should recover the full sum of $132.90.

It clearly appearing that the loss or damage occurred on the line of the terminal carrier, that carrier would be liable to the lawful holder of the bill of lading; in other words, the lawful holder could maintain an action for any loss, damage or injury to the property transported, caused either by the initial carrier or any connecting carrier to whom the goods were delivered. This is plainly provided by the aforesaid acts of Congress. The remedy provided in the statute against the initial carrier is not exclusive, for an action may be prosecuted against the connecting or the terminal carrier when the loss or damage is shown to have occurred on its line. Georgia F. & A. R. Co. v. Blish Milling Co., 241 U. S., 190, 60 L. Ed., 948; Adams Express Co. v. Croninger, 226 U. S., 491, 57 L. Ed., 314; 44 L. R. A. (N. S.), 257. It appears that the claim of the consignee, A. Hamilton & Sons, when presented to the Pere Marquette Railway Company, was supported with the original bill of lading covering this shipment. Therefore, the Pere Marquette Railway Company was liable to the consignee as the holder and it made a settlement. As to the amount paid the settlement was unlawful, but the Nursery Company, the shipper, had put it in the power of the consignee and the terminal carrier to make such a settlement. The amount thus paid was a matter between the said parties. The title to the goods had passed to the consignee. The sale of goods

is complete and title passes, subject alone to stoppage in transitu and avoidance for fraud, upon their unconditional delivery to a common carrier for shipment to the purchaser. Brooks v. Paper Co., 94 Tenn., 701. It is true that the weight of authority supports the doctrine that where the consignor makes the contract of shipment with the carrier, he may maintain an action thereon for loss of, or injury to, the consignment, irrespective of the question of ownership, in such case it being considered that the privity of contract between the consignor and the carrier is a sufficient foundation on which to base the action. Carter v. Graves, 9 Yerg., 446; 10 C. J., 348. But inasmuch as the act of Congress vests in the holder of the bill of lading the right to sue either the initial carrier or the carrier on whose line the loss occurred, a settlement made by such holder, in this case the consignee, must be taken as in bar of any right of any other party to the transaction to recover. The rule is that when a shipper recovers judgment against an initial carrier for loss and damages to the interstate shipment and accepts payment thereof, he is then precluded from recovering additional damages for the same cause of action against the connecting carrier; because when the party elects to sue a tort feasor who is liable for all the damages, and recovers, he cannot sue the other wrongdoer. O'Briant v. Pryor (Mo. App.), 195 S. W., 759; Roberts Fed. Liabilities of Carriers, sec. 316. The corollary of this rule would be that when a consignee, holding the bill of lading, recovers from the terminal carrier on whose line the loss occurred, the shipper is then precluded from recovery from the initial carrier. In other words, there cannot be two recoveries.

It appears that the Nursery Company has never sought to recover from the consignee the purchase price of the goods. It simply charged it off to profit and loss. If the consignee is liable to the shipper for the purchase price, he is liable for the full amount notwithstanding his settlement for a lesser amount with the terminal carrier. The illegality of said settlement cannot affect the immunity of the initial carrier from liability for another payment. Anderson v. American Railway Express Co. (N. C., 1924), 121 S. E., 354. Under the doctrine that equity will always relieve against a mutual mistake of fact, the appellant, in our opinion, was entitled to recover back the amount paid by it to the appellee, with interest from the date of the filing of the bill. The decree of the Chancellor will be enlarged so as to allow such a recovery. The costs of the appeal and in the court below will be adjudged against the appellee.

Faw, P. J., and Crownover, J., concur.