E. H. TILLEY v. SOUTHERN RAILWAY COMPANY.

(Filed 1 November, 1916.)

**1. Carriers of Goods—Penalty Statutes—Consignee—Party Aggrieved.**

Where under agreement with his principal the agent of a manufacturer is obligated to pay the freight charges on shipments made to him, and upon demand of the carrier he has paid its unlawful charges on a shipment (Revisal, sec. 2642), he is the party aggrieved, within the meaning of the statute, Revisal, sec. 400, and may maintain his action to recover the excess, and also the penalty when settlement has not been made within sixty days, Revisal, secs. 2643, 2644, and he has complied with the provisions of the statute as to filing written demand supported by the original freight bill and the original or duplicate bill of lading, etc., Revisal, sec. 2643.

**2. Same—Written Demand.**

Where the carrier has demanded and received an unlawful freight charge for a shipment, and the party aggrieved has made written demand of the carrier for payment of the overcharge, required by the statute, it is not necessary for him, in order to maintain an action for the penalty imposed upon the carrier failing to settle in sixty days, that the written demand specify the penalty, or that demand therefor was made in the justice's court or alleged in the complaint filed on appeal therefrom. Revisal, sec. 2643.

**3. Same—Freight Overcharge—Amount Demanded.**

The carrier should know the amount of freight it is lawfully permitted to charge for a shipment of goods, and in an action to recover the overcharge, with the penalty for its failure to repay it in sixty days, it is not necessary that the plaintiff's demand state, or exactly state, the correct charges allowed the carrier by law, in order to permit a recovery of the penalty. Revisal, sec. 2644.

APPEAL by defendant from *Long, J.,* at July Term, 1916, of ASHE.

*Charles B. Spicer for plaintiff.*
*R. A. Doughton, Manly, Hendren & Womble for defendant.*

CLARK, C. J. The plaintiff was consignee of a wagon which was delivered to defendant at Mount Airy, N. C., in February, 1915, billed

to the plaintiff at West Jefferson, N. C. By error of the defendant the wagon was shipped to North Wilkesboro, N. C. The plaintiff was agent for the maker of the wagon at Mount Airy, N. C., and had sold the wagon to one Miller, to be delivered to him by the plaintiff at West Jefferson. On learning that the wagon was at North Wilkesboro, the plaintiff hired Miller to go there and get it. The defendant made an overcharge on the freight of $1.42, which amount was paid to defendant by Miller as plaintiff's agent and ·it was refunded to Miller by the plaintiff.

On 23 March, 1915, plaintiff wrote defendant, filing with his letter the original freight bill and duplicate bill of lading, claiming that an excess of. freight had been charged, asking defendant to refund. On 12 April, 1915, the plaintiff received from the defendant a letter admitting an overcharge of 96 cents and offering to refund that amount. Neither this nor any other overcharge having been paid, the plaintiff on 18 August, 1915, brought this action to recover the overcharge and penalty for failure to refund. On the trial it was agreed by both plaintiff and defendant that the true amount of the overcharge was $1.42. The jury so found, and that it had not been refunded, and rendered verdict in favor of the plaintiff for that amount and for penalty $100.

Revisal, 2642, makes it unlawful for any railroad company to collect more than the rates prescribed in its printed tariff. Revisal, 2643, provides that when any party has been overcharged the party aggrieved may file a written demand, supported by the original freight bill and the original or duplicate bill of lading, and a maximum period of sixty days is allowed the company to settle the claim thus filed. Revisal, 2644, prescribes as a penalty for failure to refund the overcharge within sixty days after such notice, $25 for the first day and $5 per day thereafter until the penalty shall amount to $100.

In this case it was admitted by defendant at the trial that there was an overcharge of $1.42, and this was also shown by a comparison of the printed tariff and the freight receipt, ·which were all in evidence. The plaintiff was the consignee of the wagon and was the party aggrieved. The freight was to be paid by him, and was in fact paid by him through his agent, Miller, to whom he refunded the entire freight, including the overcharge, besides paying Miller for his trouble and time in going to North Wilkesboro. The secretary of the shipper and manufacturer testified that his company was not chargeable with the freight, and the plaintiff, being liable therefor, and having paid it, was the party aggrieved and clearly entitled to recover the same. In *Stone v. R. R.,* 144 N. C., 220, the Court held that on delivery to the common carrier of freight for transportation the title, in the absence of direction or

agreement to the contrary, vests in the consignee, who is entitled to sue as "the party aggrieved" for the penalty. To same effect, *Cardwell v. R. R.,* 146 N. C., 218; *Gaskins v. R. R.,* 151 N. C., 18; *Buggy Corporation v. R. R.,* 152 N. C., 119; *Elliott v. R. R.,* 155 N. C., 236. Laws 1911, ch. 139, enlarged the statute to authorize recovery to be made by the consignor "when it shall appear that the consignor was the owner of the shipment"; but in this case the consignee, the plaintiff, was the party in interest, having been chargeable with and having paid the freight out of his own pocket, and was therefore the party in interest, who alone could bring this action to recover it back. Revisal, 400.

The record shows that the claim for an overcharge was duly made in the manner prescribed by the statute, filing the bill of lading and freight bill with the written application for the same on 23 March, and the acknowledgment by the defendant on 12 April of the claim, with an admission of 96 cents overcharge. The offer to refund this, if a tender at all, was not sufficient, as the overcharge was $1.42.

Revisal, 2643, prescribes a maximum period of sixty days in which the common carrier must settle such claim by payment of the overcharge. This time expired 11 June. The action was begun, 18 August. Revisal, 2644, gave $25 penalty for the first day's delay and $5 per day thereafter until the amount reaches $100, which the plaintiff, therefore, was entitled to recover.

The defendant's principal contention is that the plaintiff is not entitled to recover any penalty because he did not specify the same in his claim filed, and that in his action before a justice of the peace and also in the complaint filed on appeal he claimed that $1.96 was the amount of the overcharge. It is not a general principle in pleading that a party cannot recover what is justly due him because in his complaint he asks for a larger amount, and there is nothing in Revisal, 2643, which changes this as to an action of this kind.

Nor does the fact that the plaintiff in his letter of 23 March did not specify the amount of the overcharge debar his recovery. Revisal, 2644, does not require this, though section 2634 does, doubtless for the reason that the defendant has full notice of the amount of freight it should have charged according to its printed tariff, and the freight bill filed and its own books show what it did charge and collect. The proviso in Revisal, 2634, that the plaintiff cannot recover the penalty for a refusal to pay the amount of loss or damage to freight unless the full amount of the plaintiff's claim is recovered is based upon the ground that the plaintiff should know the amount of such loss and damage, and that if he demands more than a just amount the defendant is not to be penalized for refusing to pay an unjust claim. This is discussed and pointed out by *Allen, J.,* in *Supply Co. v. R. R.,* 166 N. C., 86.

It is a matter of common knowledge that railroad companies are often neglectful in adjusting and settling claims for loss or damage to goods in transit and for overcharges. Considering the large number of agents that these companies must have, it is not to be wondered at that such losses or damages and overcharges occur. But in the aggregate such claims are very large, and it is a matter of importance to the public that the carrier shall be impressed with the necessity of paying such claims, even when small severally, for the party aggrieved should not be debarred from recovery of his just dues because of the expense of counsel fees and the annoyance of litigation. To remedy this, Revisal, 2634, prescribes a penalty for failure to adjust and pay claims for loss or damage to goods beyond sixty days, but protects the carrier by forbidding a penalty when the plaintiff has demanded an excessive amount. As to overcharges in freight, which are usually very small severally, though aggregating large sums, the carrier knows the amount of the overcharge, which is a matter peculiarly within its knowledge, and the penalty is inflicted not to exceed $100 for a delay to refund the overcharge within sixty days. These penalty statutes are a declaration by the Legislature of the public policy of the State in this regard, and they have always been held constitutional under the police power.

No error.