STATE OF NORTH CAROLINA EX REL NORTH CAROLINA UTILITIES COMMISSION v. NORFOLK SOUTHERN RAILWAY COMPANY AND SOUTHERN RAILWAY COMPANY.

(Filed 28 January, 1959.)

**1. Carriers § 5: Utilities Commission § 3—**

In a proceeding to recover excessive freight charges collected because of an error in the tariff distance table filed with the Utilities Commission, the charges being in conformity with the tariff schedule for a greater distance than the correct distance between the termini, evidence offered by the carriers as to whether the higher rate was fair and reasonable for the shorter distance is properly excluded, since the carriers should not be permitted to change the rate by reason of a mistake in their tariff distance table, and petitioners are entitled to recover that part of the excess charged which is not barred by the statute of limitations.

**2. Utilities Commission § 5—**

The rates approved by the Utilities Commission are to be deemed just and reasonable and any different rate is to be deemed unjust and unreasonable. G.S. 62-123.

**3. Utilities Commission § 2—**

Where carriers charge rates in accordance with the published tariffs on file, but because of error in the tariff distance table the charges are excessive. the shippers may recover the excess charged by petition before the Utilities Commission, the remedy by civil action to recover overcharges and penalties being the proper remedy only when the charges are collected in excess of the published tariffs. G.S. 60-110, G.S. 62-138, G.S. 62-139.

**4. Same—**

Where the tariffs charged are in accordance with the approved tariff schedules but are excessive because of error in the tariff distance table filed with the Utilities Commission, the Utilities Commission has power to enter a retroactive order awarding reparations, since the order does not purport to change, retroactively, the authorized tariffs.

APPEAL by defendants from *Mallard, J.;* March, 1958 Term, WAKE Superior Court.

The petitioners instituted this proceeding before the North Carolina Utilities Commission for the award of reparations by reason of the defendants' wrongful application of a short line distance tariff rate of $1.40 per ton on shipments of sand and gravel to plaintiff's wholly-owned subsidiary; whereas, the correct short line distance tariff should have been at the rate of $1.30 per ton. The shipments were made from Lane, North Carolina, to Greensboro, North Carolina. Part of the shipments were carried from Lane over the Norfolk Southern Railway Company to Durham, North Carolina, thence over the Southern Railway Company to Greensboro, a total distance of

131 miles. Part of the shipments were carried from Lane over the Norfolk Southern to Varina, North Carolina, thence over the Durham & Southern to Durham, thence over the Southern Railway to Greensboro, a distance of 118 miles. The short line distance between Lane and Greensboro is over the Atlantic and Western Railway Company from Lane to Sanford, North Carolina, thence over the Southern Railway Company to Greensboro. The tariff distance table filed with the Utilities Commission by the Southern Freight Traffic Bureau, agent for the defendants, showed the short line to be 101 miles. Applicable tariffs, therefore, in effect between Lane and Greensboro were calculated on the basis of 101 miles, and at the rate of $1.40 per ton. This rate the petitioner paid.

No shipments were actually made over the short line. However, subsequent to the shipments here involved, the short line distance Lane to Greensboro has been ascertained to be 100 miles and not 101 miles. The error occurred in calculating the distance between Lane and Sanford. The tariff distance schedule was corrected accordingly. Tariffs in effect at the time the shipments here involved fixed a rate per ton of $1.30 on sand and gravel for joint line distances 80 to 100 miles, and at $1.40 per ton for joint line distances 101 to 125 miles. The correct rate, accordingly, should have been $1.30 per ton. Thus the plaintiff paid 10 cents per ton in excess of what the Utilities Commission fixed as a just and reasonable rate for the short line distance of 100 miles.

The defendants, before the Utilities Commission, offered to introduce in evidence a schedule of rates on sand and gravel which was in force under the North Carolina Corporation Commission Order No. 224 on November 25, 1921, and supplements thereto effective March 5, 1924, and September 22, 1926, for the purpose of showing what rates are fair and reasonable on the respective dates the questioned shipments were made by the plaintiff. The Commission declined to receive the evidence upon the ground fair and reasonable rates per unit of distance had already been determined and that the only question involved is whether the petitioner's shipments were within the distance bracket 80 to 100 miles, carrying a rate of $1.30 per ton, or within the distance bracket 101 to 125 miles, carrying $1.40 per ton. The defendants excepted to the refusal of the commission to hear evidence on the question whether $1.40 per ton on shipments Lane to Greensboro were just and reasonable.

The petitioner brought this proceeding on July 17, 1956, for recovery on all shipments between November 11, 1952, and the date the petition was filed. However, recovery was allowed only for two years

next preceding the filing of the petition because of the limitation in
the statute.

Among the findings made by the Utilities Commission were the
following:

"3. Transportation of these shipments was by joint lines. The
tariff specifically provided a joint-line rate of $1.30 per ton for
sand and gravel for distances over 80 miles and not over 100
miles and for $1.40 per ton for distances over 100 miles but not
over 125 miles.

"4. The rates and charges collected by the defendant railroads,
other than A and W, from petitioner Coble wherein rates and
charges were assessed and collected at the rate of $1.40 per ton
for a distance of 100 miles instead of $1.30 per ton were unjust,
unreasonable, discriminatory and preferential.

"5. The just, reasonable, nondiscriminatory and nonpreferential
rates or charges which the defendant railroads were entitled to
charge during the two-year period next prior to the filing of the
petition in this matter for the transportation of sand and gravel
from Lane, North Carolina, to Greensboro, North Carolina, was
$1.30 per ton instead of $1.40 which was actually charged."

The Commission ordered restitution on all shipments made within
two years preceding the filing of the petition and included $85.98
Federal Transportation Tax.

The Commission found Atlantic and Western Railway Company
did not carry any of the shipments and did not receive any of the
tariffs involved, dismissed the action as to it. From the findings, con-
clusions, and award of the Commission, Norfolk Southern Railway
Company and Southern Railway Company appealed to the Superior
Court of Wake County. Durham and Southern Railway Company
did not appeal. After hearing, the Superior Court of Wake County
entered an order, in material part:

"THE COURT IS FURTHER OF THE OPINION that the
award made to Coble Construction Company by the Order of the
North Carolina Utilities Commission dated August 16, 1957,
should be affirmed in all respects, except that the award of $85.99
Federal Transportation Tax and the addition of a twelve percent
surcharge between the dates December 18, 1954 and May 23,
1955 should be reversed for the reason that the award of Federal
Transportation Tax and the 12 percent surcharge is contrary to
law and is unsupported by competent, material and substantial
evidence in view of the entire record as submitted."

The Court modified the Commission's order by striking out the
Federal Transportation Tax award, and affirmed it otherwise. From

the judgment, the Norfolk Southern Railway Company and the Southern Railway Company appealed.

*Simms & Simms and Joyner & Howison for defendants, Norfolk Southern Railway Company and Southern Railway Company, appellants.*

*Armistead J. Maupin for plaintiff, appellee.*

HIGGINS, J.   The North Carolina Utilities Commission, in the exercise of its intrastate rate making power, approved as just and reasonable a schedule of rates based on mileage. In order to simplify the calculations and avoid fractions, distance brackets were set up in the schedules. The Commission approved a per-ton rate of $1.30 on sand and gravel for distances 80 - 100 miles; and $1.40 for distances 101-125 miles. Rates for other distances are not material to the questions here presented. Mileage is calculated over the shortest rail line between the point of origin and the point of delivery.   G.S. 62-137.

The approved rates were based on tariffs 629-C, NCUC 221, prepared and filed by the defendants through their agent, the Southern Freight Tariff Bureau. The tariff as filed fixed 101 miles as the shortest rail distance between Lane, North Carolina, and Greensboro, North Carolina. On the basis of the mileage reported, the rate was fixed at $1.40 per ton. Subsequent to the shipments it was discovered the shortest rail line distance was actually 100 miles. The tariff schedule was corrected accordingly. The actual mileage permitted only a $1.30 per-ton rate. The petitioner paid $1.40 per ton beginning November 11, 1952. The excess over the $1.30 rate amounted to $7,218.60. However, only $2,953.47 was paid within two years of the date on which the petition was filed. Thus the petitioner paid $4,265.13 which he cannot recover because of the two years limitation.

The petitioner brought this proceeding under G.S. 62-123 for the award of reparations of 10 cents per ton the defendants had collected as a result of their error in reporting the short line distance, thereby placing the shipments in the $1.40-rate bracket, (101-125 miles), whereas, the actual distance placed them in the $1.30 bracket, (80 - 100 miles).

The petitioner contends the pertinent inquiry involves no more than a simple mathematical calculation of the amount of the tariff paid in excess of that which the Commission had approved as just and reasonable for the actual distance; and that its remedy is by petition for reparations under the above section.

On the other hand, the respondents contend the inquiry involves the question whether $1.40 per ton collected was just and reasonable;

and that the Commission committed error in refusing to hear evidence on that question.

We think the fixing of the rate of $1.30 per ton for distances 80 - 100 miles was the controlling factor and did not authorize the collection of a higher rate for any shipment within that distance bracket. The defendants should not be permitted to change the rate by the act of making a mistake in the distance reported in their tariff schedule. The dispute involves no more than the actual short line distance, Lane to Greensboro. The evidence offered by the respondents as to whether $1.40 per ton was a fair and reasonable rate on a 100-mile shipment was properly excluded. The Commission had already determined the just and reasonable rate to be $1.30. The rates approved by the Commission shall be deemed to be just and reasonable, and any different rate shall be deemed unjust and unreasonable. G.S. 62-123; *State v. Municipal Corporations*, 243 N.C. 193, 90 S.E. 2d 519; *State v. Cannon Mfg. Co.*, 185 N.C. 17, 116 S.E. 178.

We do not agree with the defendants' contention that the petitioner has mistaken its remedy and should have proceeded in the superior court by civil action to recover overcharges and penalties as provided in G.S. 60-110, G.S. 62-138, and G.S. 62-139. *Tilley v. R. R.*, 172 N.C. 363, 90 S.E. 309. The sections cited provide penalties for overcharges to be recovered only upon a showing the charges were collected in excess of the published tariffs on file. Even though the mistake in the distance was the result of defendants' error, nevertheless the published tariffs on file showed a rate of $1.40 applicable to Lane to Greensboro shipments. The Commission is the proper forum in which to correct the error in distance in its schedules.

The defendants urgently contend the Commission is without power to enter a retroactive order awarding reparations for charges which were made in accordance with approved tariff schedules. The argument assumes the charges were made in accordance with the published tariffs. These tariffs authorize $1.30 per ton for mileage units 80 - 100 miles, and a mistake in mileage cannot be used to increase the rate. A rate of $1.40 for 100 miles is simply not within the authorized tariffs.

The numerous cases cited by respondents with respect to retroactive overcharges are not in point on the facts here involved. The holdings are based on either lack of statutory authority to make a retroactive order (such as G.S. 62-123), or to lack of jurisdiction of the courts to pass on rates until they had first been passed on by the administrative board.

The appellants have failed to show error of law in the hearing below. The judgment is

Affirmed.